Jackson *vs.* Moye.

JAMES H. JACKSON, plaintiff in error, *vs.* JOHN E. MOYE, defendant in error.

1. Before a warrant of survey, under the laws pertaining to head rights, can be legally issued, there must be produced to the Land Court a notice to the person in possession (if any there be) of the intended application, with a description of the premises to be surveyed, and the sheriff's return thereon of service by him ten days previously; or if there be no person, other than the applicant, in possession, the sheriff's certificate to that effect. And upon trial of a caveat on appeal in the Superior Court, in such a case, the notice and service thereof, or the certificate, should be put in evidence before the warrant of survey can be admitted.

2. In the absence of proof of notice served, or certificate given as above, the Superior Court should not presume the existence of either, from the fact that a warrant had been issued.

3. To supply the defect, parol evidence of verbal notice, or that there was no adverse possession, is inadmissible on the trial.

4. The proviso attached to the 2d section of the act is void, because repugnant to the body of the act.

Caveat to land warrant, in Washington Superior Court. Tried before Judge HOLT, at September Term, 1859.

James H. Jackson, the plaintiff in error, made application to the Land Court of Washington county for a warrant of survey of certain alleged vacant land in said county, subject to head rights. The Justices granted the warrant, and John E. Moye, the defendant in error, entered his caveat in the Superior Court, for this, to-wit: "that said land is not vacant, but is surveyed land, and has been in the peaceable and undisturbed possession of caveator for more than seven years" before this proceeding.

The case, after a trial before a petit jury, was taken to the appeal, and when it came on to be heard before the special jury, plaintiff in error, the applicant, tendered in evidence a land warrant issued by the Justices constituting the Land Court, directing the county surveyor to lay out to Jackson two hundred acres of land on Williamson swamp, taking care to except all lands before laid out to any person. To the introduction of the warrant caveator objected, upon the ground that it must be first shown that the notice to cavea-

Jackson *vs.* Moye.

tor, and the return and certificate of the sheriff, required by the Acts of 1853 and 1854, had been given and complied with before the warrant could be admitted. Plaintiff in error then offered to prove that neither caveator, or any one else, was in possession either before or since the issuing of the warrant. This proof was repelled by the Court. Plaintiff then proposed to show that the caveator had verbal notice of the application by plaintiff for the warrant of survey, and this was rejected by the Court, upon the ground that nothing but a written notice to caveator, and the return upon it by the sheriff, would be sufficient to admit the warrant in evidence. Upon motion, the Court dismissed the case, with leave to plaintiff in error to move to have it reinstated. He accordingly moved to reinstate his case on the following grounds:

1. Because before the motion of caveator could prevail, it should be shown that he, or some one else, was in possession of the land.

2. The motion to dismiss ought not to prevail, because this Court will presume that the Clerk and Justices who had original jurisdiction of the matter, had done their duty before granting the warrant, and if they had not, it was incumbent on caveator to prove that the law had not been complied with.

3. The warrant was improperly rejected, because there was no evidence that any one was in possession, and the Court, in rejecting the warrant, had to assume that some one was in possession, as no notice is necessary, unless some one, other than the applicant, is in possession.

4 and 5. Because the Court erred in rejecting evidence that no one was in possession.

6. That the Court erred in rejecting the evidence that caveator had verbal notice of the application by plaintiff in error more than ten days before the warrant was granted.

7. Because the only question was, whether caveator was in possession for seven years, claiming title, and whether the land was vacant.

It was agreed that the Court might reserve his opinion

until the next term, at which time the following opinion was delivered.    After a statement of the case his Honor proceeds:

When the applicant offered to the jury the warrant of survey, it was objected to until notice was shown.    In answer to this objection, the maxim of *rite acta* was insisted upon, as dispensing with such proof; that the Land Court, which had original jurisdiction, would be presumed to have acted properly, and upon legal proof, when it issued the warrant. But this answer was not deemed by the Court sufficient.    The appeal, by the Act of 24th December, 1836, brought the case before this Court for final judgment, not for the correction of an error.    It comes up in its totality, and the Court is bound as much as the Court below was, to see that the parties are *recta in curia,* and that its proceedings are regular and legal.    This proceeding is to obtain a warrant to survey vacant land, and the Act first cited plainly makes a written notice, and the official return upon it of the sheriff, of the intended application, the first and indispensable step.    This notice and return are not only necessary to give this Court jurisdiction, but must accompany its judgment to the office of the Secretary of State before such judgment can be available there for the obtainment of a grant.    The want of notice, and the official return of the sheriff, is not a mere irregularity that may be corrected, but an incurable defect, as much so as the want of process in a common law action.    The motion to reinstate is overruled.

To this decision counsel for applicant excepted.

SCHLEY, for plaintiff in error.

EVANS, for defendant in error.

*By the Court.*—JENKINS, J., delivering the opinion.

The questions raised by this bill of exceptions require a construction of the Act of 17th February, 1854, pamphlet 75, entitled, "An Act to secure a preference to persons in possession, in applications for grants under the laws pertaining to head rights."    It must be conceded that this Act is

curiously framed, so curiously as to render its construction somewhat difficult. The difficulty, however, does not absolve the Court from the duty of endeavoring so to construe it as to effect legislative intent to advance the remedy. As indicated by its title, the intention of the Legislature was not to *give* a preference. That had been done by the second section of the Act of 7th June, 1777, Cobb's Digest, 661. The object, then, was to "*secure*" a right previously given.

This case came to the Superior Court on appeal from magistrates sitting as a Land Court, having original jurisdiction. From the papers transmitted to the appellate Court, it does not appear that anterior to the issuing of the warrant of survey, by the Land Court, the sheriff had either made a return of notice served upon any person in possession of the premises, or certified that there was no person other than the applicant in possession." The case had been initiated and prosecuted thus far, as if the Act of 17th February, 1854, had never been passed ; and the caveator, in the Superior Court, objected to the introduction of the warrant of survey in evidence, because there had been no prior return or certificate by the sheriff, as provided in said Act. The applicant met the objection: 1. By denying the necessity of such return or certificate. 2. By insisting that, if necessary, the appellate Court should presume that the one or the other had been given—should presume that in the Court of original jurisdiction all things had been "*rite acta.*" 3. By offering parol evidence to the Court that there was no person, other than the applicant, in possession, and that the caveator had received verbal notice of the application. These replies were held insufficient by the Court below, and the objection of the caveator sustained.

1. To arrive at a proper construction of the Act, we must consider the old law, the mischief, and the remedy. The old law gave the preference to first settlers, or persons in possession. Preference for what? For a grant to the premises possessed. The mischief was, that the applicant for a warrant of survey was not required to notify the party in possession (if any) of his intended application, nor was he

required to adduce proof to the Land Court that there was no person, or none other than himself, in possession. Hence it often occurred that a person in possession was ignorant of the proceeding, and the Land Court and officers of the Government generally, equally ignorant of his possession, until the grant had been obtained and the policy of the law defeated. The statute in question was intended to remedy this mischief.

The first section, after reaffirming the preference given by the Act of 1777, provides that " before any such warrant of survey shall be issued, ten days' notice shall be served upon the person in possession of the intended application, describing the premises to be surveyed, and shall be returned as having been served by the sheriff of the county."

This notice, it will be observed, is a condition precedent to the issuing of the warrant of survey, and undoubtedly is to be required only where there is a person, other than the applicant, in possession, for in no other case could such notice possibly be given. But how is the Land Court to know whether there be or be not such adverse possession as would render notice necessary ?

The second section, which (by its terms) is directory to the Secretary of State, provides that he " shall not attach the seal of the State *to any grant under head rights,* until the applicant shall furnish to him the certificate of the sheriff of the county where the land lies, stating that the notice herein required, (*i. e.* the notice in terms of the first section,) has been given, *or that no person, other than the applicant for a grant, is in possession of the premises proposed to be granted.*" Construing the first and second sections together, they will be found to cover the whole ground and remove the mischief. If there be a party, other than the applicant, in possession, the sheriff's certificate of the service of notice makes it clear that the opportunity has been afforded him of interposing and asserting the preference given him by law. If there be no person, other than the applicant, in possession, the certificate of the sheriff to that effect makes it equally clear, that so far as known to that officer of the law, no impediment of

Jackson *vs.* Moye.

adverse possession stands in the way of the applicant.  It is true, his certificate would not be conclusive.  Any party happening to know of the proceeding might still come in and caveat, averring his possession; but such cases would not be likely to occur.  The certificate would, at all events, make a *prima facie* case, and this is, probably, all that the law could reasonably require of the applicant as a security to the rights of preferred settlers.

The argument, that by the letter of the second section, the certificate that there is no adverse possession, is intended for the guidance of the Secretary of State, and not of the Land Court, is a precaution against the wrongful issue of grant, not of a warrant of survey, is of little force.  The certificate of notice served is manifestly intended as a guide to both those authorities, and as in cases which preclude *it*, (there being no party upon whom notice can be served,) the other certificate is ultimately required as its alternative, a reasonable construction would make the latter also a guide to the Land Court, as well as to the Secretary of State.  The warrant of survey, and the survey under it, are alike valueless to the applicant without a grant.  Did then the Legislature intend that the applicant should pass through the Land Court, should have a survey and landmarks made upon the premises, the attestation of chain carriers, the grant formally extended, made ready for the great seal of the State, and then fail for the want of the sheriff's certificate? or did they intend that this certificate, when necessary, should be procured and made part of the documentary proceedings *in limine?*  "*Qui hæret in litera, hæret in cortice.*"

This construction, we think, gives to the remedy a symmetry and efficacy which would otherwise be wanting.

2. We cannot give the applicant the benefit of the presumption that all things required by the law had been rightly done in the Court of original jurisdiction.  The appeal brought up the entire case.  The *onus* upon the applicant in the appellate Court was no less than in the other.  If, as we hold, the certificate be an indispensable preliminary to the warrant, it must be made to appear affirmatively whenever

and wherever the parties litigate the right. It will scarcely be contended that the Secretary of State, when called on to attach the seal to the grant, could raise such a presumption and waive the certificate.

3. Nor can we sustain the position that the defect can be supplied by parol proof on the trial before a jury in the Superior Court. The law not only imposes on the applicant the *onus* of proving either that notice had been given to one in possession, or that there was no adverse possession, but prescribes the form in which the proof shall be made, viz: by the official return, or the official certificate of the sheriff.

4. One other proposition remains to be considered, viz: that there is attached to the second section of the Act a proviso, in these words, "nothing herein contained shall be so construed as to apply to any land not in possession of any other person than the applicant." But in that very section it is positively enacted "that the Secretary of State shall not attach the seal of the State to *any* grant, under head rights, until the applicant shall furnish to him the certificate of the sheriff of the county where the land lies, stating that the notice herein required has been given, *or that no person, other than the applicant for a grant is in possession of the land proposed to be granted.*" Argument is unnecessary to show that the proviso is a saving, repugnant to so much of the body of the Act as I have here italicized, and we have only to add, that it is for that reason. void.

The majority of the Court are, therefore, of opinion that there was no error in the rulings of the Court below.

Let the judgment be affirmed.

Mr. Justice LYON dissented from the judgment of the majority of the Court in this case.