SHUTT v. THE STATE OF INDIANA, EX REL. CAIN.

[No. 21,477.   Filed July 2, 1909.   Rehearing denied March 18, 1910.]

1. STATUTES.—*Time of Taking Effect.—Emergency Clauses.*—An act containing an emergency clause takes effect immediately after the expiration of the time given by the Constitution for the Governor to consider and veto it.   p. 691.

2. STATUTES.—*Practical Construction.—Repeal.*—The failure or refusal of Governors to act under, or to enforce, a law does not repeal such law, nor does such action furnish a practical construction of such law.   p. 691.

3. OFFICERS.— *Estoppel.— Appointments Under Different Acts.— Statehouse Engineer.*—A statehouse engineer appointed under section eleven of the act of 1895 (Acts 1895, p. 359) is not estopped to claim his office on the ground that he had previously served by appointment under the invalid act of 1897 (Acts 1897, p. 119).   p. 691.

4.  STATUTES.— *Saving Clauses.— Statehouse Engineer.*— The last
clause of section eleven of the act of 1895 (Acts 1895, p. 359),
providing that "nothing contained in this act shall apply to or
in anywise affect the office of 'State House Engineer' as now es-
tablished by law, but said office and the manner of electing the
incumbent, his duties and compensation remain and continue as
now fixed by law," is a saving clause, and being repugnant to
the body of such section is void. p. 692.
5.  STATUTES.—*Construction.—Reference to Legislative Journals.*—
The enrolled bill as authenticated by the presiding officers of the
two houses must be conclusively presumed to contain the act as
it actually passed the legislature. p. 693.
6.  STATUTES.—*Repeal.—Amendments After.*—The act of 1897
(Acts 1897, p. 118), amending the act of 1889 (Acts 1889, p. 114),
is void, the latter act having been repealed by the act of 1895
(Acts 1895, p. 359). p. 694.

From Marion Circuit Court; *Charles Remster,* Judge.

Action by The State of Indiana, on the relation of Michael
H. Cain, against Samuel C. Shutt. From a judgment for
plaintiff, defendant appeals. *Reversed.*

*Remy & Berryhill,* and *Ralph K. Kane,* for appellant.
*Charles E. Cox* and *John W. Kern,* for appellee.

PER CURIAM.—The relator brought this action against the
appellant for the possession of the office of statehouse engi-
neer.

Appellant, who was in possession of the office, was ap-
pointed by Charles J. Wheeler, superintendent of public
buildings and property, under section eleven of the act of
1895 (Acts 1895, p. 359).

The relator claims the office by appointment of the Gov-
ernor, under provision of section eleven of the act of 1897
(Acts 1897, p. 118), which purports to amend section eleven
of the act of 1889 (Acts 1889, p. 114), contending that said
act of 1895 is invalid.

Judgment was rendered in favor of relator on a demurrer
for want of facts.

It was held by this court in the case of *State, ex rel.,* v.
*Wheeler* (1909), 172 Ind. 578, that said act of 1895 was a

valid law, and that as it contained an emergency clause

1. it took effect immediately after the expiration of the time given by the Constitution for the Governor to consider and veto bills.

The fact that the Governor and other officers may have ignored said act of 1895 did not repeal or abrogate it,

2. and the doctrine of practical construction has no application to such a case.

Nor is appellant estopped from claiming the office of state-house engineer, by appointment under the act of 1895, *supra,* for the reason that he held said office by appointment

3. under the act of 1897, *supra,* which purported to amend the act of 1889, *supra.*

Section eleven of the act of 1895, *supra,* provided that "the superintendent shall appoint a State House engineer, who shall at all times direct the opening and ventilation of the several departments, and have charge of the heating apparatus, and all machinery and plumbing connected therewith; the electric light and gas light, and all machinery connected therewith, together with the elevators, and he shall have the power and it shall be his duty to cause all necessary repairs to be made thereto, under the orders of the superintendent. He shall employ all necessary assistants in this department, the number, not, however, to exceed six persons, including one person to run the passenger elevator. The engineer's assistants shall consist of men skilled in the work they may be required to perform. Their compensation shall not exceed $60 per month, excepting the elevator conductor, whose compensation shall not exceed $40 per month, and the same shall be payable by the Treasurer of State on the first and fifteenth days of each month, upon warrants of the Auditor of State, but before such warrants are issued, said engineer shall, under oath, make out a list of expenses incurred under this act, itemizing the same, with the names of the persons entitled to payment thereunder and the amounts thereof, and the same shall be examined and approved by

said board of public buildings and property, and the cost of all repairs to be made in this department shall in like manner be payable, after approval of said board. Said engineer shall receive a salary of $1,000 per annum, payable out of any moneys not otherwise appropriated, and he shall give a bond of $2,000 for the faithful performance of his duties, to be approved by the Auditor of State; nothing contained in this act shall apply or in anywise affect the office of 'state house engineer' as now established by law, but said office and the manner of electing the incumbent, his duties and compensation remain and continue as now fixed by law.''

The first part of said section provides for the appointment of a statehouse engineer by the superintendent of public buildings and property, and outlines his duties and powers, provides for his compensation, and the giving of bond, and then follows the clause that ''nothing contained in this act shall apply or in anywise affect the office of 'state house engineer' as now established by law, but said office and the manner of electing the incumbent, his duties and compensation remain and continue as now fixed by law.'' This clause is a saving clause, according to the definition given in Bishop, Written Laws, §59, which is as follows: ''A saving in a statute is only an exemption of a special thing out of the general things mentioned. There is no particular rule for its location, or its verbal form; but it is generally near or at the end, commencing, 'Nothing in this act shall,' '' etc.

Prior to the enactment of the act of 1895, *supra,* the compensation and duties of the statehouse engineer were regulated by section eleven of the act of 1889, *supra,* and the duties and powers of said statehouse engineer, as fixed by said two acts, are substantially the same. Said act of 1889 provided that the General Assembly, in joint session, shall appoint said engineer, while section eleven of said act of 1895 provides that he shall be appointed by the superintendent of public buildings and property.

As there is an irreconcilable conflict between said saving

clause and the remainder of said section, it is important to determine which shall prevail.

The relator insists that the part of said section eleven which we have named the saving clause shall prevail, because it is later in position in said section. This rule does not apply to a saving clause which is in irreconcilable conflict with the body of the act or section, but in such case the saving clause is to be rejected as void and of no effect. Black, Interp. of Laws, §112; 1 Kent's Comm., *462, *463; 1 Blackstone's Comm., *89; Potter's Dwarris, Stat., 118; Bishop, Written Laws, §65; *Alton Woods' Case* (1595), 1 Coke 47; *Ward* v. *Cecil* (1715), 2 Vern. 711; *Riddell* v. *White* (1793), 1 Anst. 281, 293, 294; *Walshingham's Case* (1573), Plow. *547, *565; *Sams* v. *King* (1882), 18 Fla. 557; *Farmers Bank* v. *Hale* (1874), 59 N. Y. 53, 59; *Jackson* v. *Moye* (1862), 33 Ga. 296, 302; *Penick* v. *High Shoals Mfg. Co.* (1901), 113 Ga. 592, 38 S. E. 973; *Dugan* v. *Bridge Co.* (1856), 27 Pa. St. 303, 67 Am. Dec. 464, 466; *In re District Court* (1849), 4 Pa. L. J. (Clark), *501, *510.

It follows that said saving clause, being in irreconcilable conflict with the remainder of said section eleven, must be rejected as void and of no effect.

Relator claims, however, that we should hold that the saving clause prevails over the part of section eleven that precedes it, because the senate journal shows that section eleven of said act, as passed by the senate, on account of an amendment in the senate, contained only what is the saving clause to said section eleven in the acts of 1895.

We held in the case of *State, ex rel.*, v. *Wheeler, supra,* that enrolled house bill No. 132 was authenticated by the presiding officers of the two houses of the legislature, as required by article 4, §25, of the state Constitution, and that Chapter CXLVI of the acts of 1895 (Acts 1895, p. 359-362) was a correct copy of said enrolled bill, and that the same must be conclusively presumed to contain the act as it actually passed the legislature. We are therefore required to

construe section eleven of said act of 1895 as it appears on pp. 361, 362 of the acts of 1895, and not on the theory that the saving clause in said section is all there is of said section. When so construed the saving clause is void as we have said, and must be rejected.

> It follows that the act of 1895, *supra,* repealed the act of 1889, *supra,* and that the act of 1897, *supra,* is invalid,
>
> 6. because it attempted to amend said act of 1889, which had been repealed by said act of 1895.

The court below, therefore, erred in overruling the demurrer to each paragraph of the information.

Judgment reversed, with instructions to sustain appellant's demurrer to each paragraph of the information, and for further proceedings not inconsistent with this opinion.