J. M. GUFFEY PETROLEUM CO. v. DINWIDDIE. (No. 630.)

(Court of Civil Appeals of Texas. Amarillo. June 6, 1914.)

1. TRIAL (§ 349*) — SPECIAL INTERROGATORIES—STATUTORY PROVISIONS.

Rev. St. 1911, art. 1984a, passed by the last Legislature (Acts 33d Leg. c. 59), requiring the court in all jury cases, upon request of either party, to submit the cause upon special issues, provided that, if the nature of the suit is such that it cannot be determined on the submission of special issues, the court may refuse such request, but such refusal may be reviewed on proper exception in the appellate court, is mandatory and requires such submission in a cause of such a nature as to be determinable on special issues, even though this construction renders the proviso meaningless.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 823–827; Dec. Dig. § 349.*]

2. TRIAL (§ 349*)—SPECIAL INTERROGATORIES —STATUTORY PROVISIONS.

In an employé's action for injuries caused by falling from a ladder on an oil derrick, plaintiff alleged that a step of the ladder was insecurely fastened and insufficient to bear his weight, and that defendant failed to inspect it, though by reasonable inspection such defective condition could have been discovered. Defendant pleaded contributory negligence, assumed risk, and a contract of settlement, to which plaintiff replied, alleging a lack of mental ca-

pacity to execute such contract. Replying to the reply, defendant alleged that, if plaintiff was mentally incompetent when the contract was executed, he thereafter ratified it with a conscious knowledge of its previous execution by appropriating the proceeds of the settlement. *Held*, that the cause was one which could be determined on special issues, within Rev. St. 1911, art. 1984a, as added by Acts 33d Leg. c. 59.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 823–827; Dec. Dig. § 349.*]

3. APPEAL AND ERROR .(§ 1170*)—HARMLESS ERROR—SUBMISSION OF SPECIAL ISSUES.

Rule 62a for Courts of Civil Appeals (149 S. W. x), providing that no judgment shall be reversed for error on the trial unless the appellate court shall be of opinion that it amounted to such a denial of appellant's rights as was reasonably calculated to cause and probably did cause an improper judgment, does not apply to the trial court's refusal to submit a cause on special issues, as expressly directed by Rev. St. 1911, art. 1984a, as added by Acts 33d Leg. c. 59.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4032, 4066, 4075, 4098, 4101, 4454, 4540–4545; Dec. Dig. § 1170.*]

4. MASTER AND SERVANT (§ 285*) — ACTIONS FOR INJURIES—QUESTIONS FOR JURY.

In an employé's action for injuries caused by falling from a ladder on an oil derrick, evidence *held* to make a question for the jury as to whether the accident was due to a defect in the ladder and not to present a case of mere speculation or conjecture.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1002, 1003, 1007, 1008, 1016, 1035, 1043, 1053; Dec. Dig. § 285.*]

5. MASTER AND SERVANT (§ 265*)—ACTIONS FOR INJURIES—PRESUMPTIONS AND BURDEN OF PROOF.

In an employé's action for injuries. caused by falling 52 feet from a ladder where the resulting concussion and injury was such that the circumstances of the accident were a blank to him, it would be presumed that he was exercising due care, in the absence of circumstances pointing to the contrary.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 877–908, 955; Dec. Dig. § 265.*]

6. MASTER AND SERVANT (§ 239*) — LIABILITY FOR INJURIES — CONTRIBUTORY NEGLIGENCE.

An employé pursuing a dangerous method of ascending an oil derrick, where an ordinarily prudent person would have pursued a safer method, was guilty of contributory negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 749, 750; Dec. Dig. § 239.*]

7. MASTER AND SERVANT (§ 293*)—ACTIONS FOR INJURIES—INSTRUCTIONS—APPLIANCES.

In an employé's action for injuries caused by falling from a ladder alleged by plaintiff to have been defective, the court should have charged that it was the employer's duty to exercise ordinary care to furnish the employé with reasonably safe appliances with which to work and to exercise the same character of diligence in keeping them in condition, and the instruction given that it was the employer's duty to furnish the employé with reasonably safe appliances for the purpose for which they were to be used, and, after having provided such appliances, to keep them in a reasonably safe condition, might not meet the full measure of the law.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1148–1156, 1158–1160; Dec. Dig. § 293.*]

8. TRIAL (§ 355*)—SPECIAL INTERROGATORIES —ULTIMATE OR EVIDENTIARY FACTS.

Under Rev. St. 1911, art. 1984a, as added by Acts 33d Leg. c. 59, requiring the court upon request to submit causes upon special issues raised by the pleadings and the evidence, and article 1985, providing that a special verdict must find the facts established by the evidence and not the evidence by which they are established, an interrogatory should be so framed as to evoke a finding upon fact issues, and a finding of merely evidential facts is improper.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 846–848; Dec. Dig. § 355.*]

. Appeal from District Court, Wichita County; P. A. Martin, Judge.

Action by T. B. Dinwiddie against the J. M. Guffey Petroleum Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Carrigan, Montgomery & Britain, of Wichita Falls, and F. C. Proctor and D. Edward Greer, both of Beaumont, for appellant. E. W. Nicholson and J. M. Blankenship, both of Wichita Falls, for appellee.

HENDRICKS, J. The appellee, Dinwiddie, sued the appellant, J. M. Guffey Petroleum Company, to recover damages for personal injuries, alleged by him to have been sustained on account of falling from an oil derrick situated over one of appellant's wells, claiming, at the time of injury, that, in the performance of his duty as an employé of said company, he was climbing a ladder upon the derrick for the purpose of pulling tubing from said well; that at the height of about· 52 feet, and while ascending the ladder, attached to the derrick for that purpose, one of the steps of the ladder gave way, precipitating him to the ground, appellee particularly claiming that the steps on said ladder were insecurely fastened and insufficient to bear his weight in climbing said derrick, the particular step having been nailed and fastened with two eightpenny nails driven through each end of same into pine timber, constituting negligence of the defendant. Appellee also alleged that the nails driven in the end of the steps had not been tightened since the construction of the derrick, and defendant had failed to inspect the same since construction, and by reasonable inspection could have discovered the defective condition of said steps.

Appellant, in addition to pleading contributory negligence and assumed risk, alleged a written contract of settlement with appellee, to which latter the appellee replied by asserting a lack of mental capacity at the time of the execution of said contract; the appellant replying to this pleading that, if appellee was mentally incompetent at the time he executed the contract of settlement, he thereafter ratified the same with a conscious knowledge of its previous execution by an appropriation of the proceeds of said settlement, or a part of same, to his own use.

[1] At the close of the evidence, before the

trial judge had written his main charge, the appellant requested in writing the submission of the case upon special issues, which was refused by the court, also submitting to the court, as a part of its request, some 17 special issues prepared for that purpose, all of which the court refused, which action of the court is properly assigned herein as error, and which assignment we will have to sustain.

The following article, 1984a, passed by the last Legislature, on the question of the submission of special issues, we think has a controlling effect in this matter:

"In all jury cases the court, upon request of either party, shall submit the cause upon special issues raised by the pleadings and the evidence in the cause. Such special issues shall be submitted distinctly and separately, and without being intermingled with each other, so that each issue may be answered by the jury separately. In submitting special issues the court shall submit such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issue, and the court may submit said cause upon special issues without request of either party, provided that, if the nature of the suit is such that it cannot be determined on the submission of the special issues, the court may refuse the request to do so, but the action of the court in refusing may be reviewed on proper exception in the appellate court, and this article shall be construed in connection with article 1985, of chapter 14, title 37, Revised Statutes."

In the cause of G., H. & S. A. Ry. Co. v. Jackson, 92 Tex. 638, 50 S. W. 1012, 51 S. W. 330, Chief Justice Gaines had under consideration the construction of the following article, passed by the Legislature as an amendment to the Revised Statutes of 1879, and also brought forward into the Acts of 1895:

"Art. 1333. The jury shall render a general or special verdict, as shall be directed by the court, at the request of a party to the suit, and the verdict shall comprehend the whole issue, or all the issues submitted to them," etc.

The Supreme Court traced the mutations of this particular article through successive periods in legislative action. Previously article 1333 read as follows:

"The jury shall render a general or special verdict as may be directed by the court; and the verdict shall comprehend the whole issue or all the issues submitted to them," etc.

By the amendment previously quoted and passed by the Legislatures of 1879 and 1895, the word "may," it is noted, is substituted for the word "shall." The Legislature in said amendment further interpolating the language "at the request of a party to the suit," with reference to which, by the changes as indicated in the amendment, made the law mandatory, when the request was properly made, which, before said amendment, was in the discretion of the trial judge. It is observed that article 1984a, passed by the last Legislature, reads:

"In all jury cases the court, upon request of either party, shall submit the cause upon special issues raised by the pleadings and the evidence in the cause," etc.

The similarity of this portion of the article to the amendment construed as mandatory by the Supreme Court in the Jackson Case, supra, would ordinarily preclude argument that it was discretionary with the trial judge, when properly requested; it would be his duty to submit. Appellee rather concedes in its brief that the statute would be mandatory upon a trial court, in matters of this kind, had not the Legislature, he says, inserted in the act the words, "provided that if the nature of the suit is such that it cannot be determined on the submission of special issues, the court may refuse the request to do so," and arguing therefrom that the trial court is the ultimate repository of the power to determine the nature of the suit when the request is made, and that, if an abuse of discretion is not shown, the error does not exist; in other words, that under this statute, as previously under the old act, previous to the amendment of 1879 and 1895, it is discretionary with the trial court, in the determination of the matter, whether the cause should be so submitted. Appellee says, if it had not been the intention of the Legislature to give the trial court a discretion in this matter, then why should the Legislature incumber the act with the proviso? And, continuing, the argument says:

"The lawmakers knew when they passed the act that all civil cases could be determined upon the submission of special issues; then what reason had the Legislature in placing the clause mentioned in the act, unless it was to give the trial court a discretion in the matter, and to make him the judge, in each case, as to whether or not the ends of justice would be best subserved by submission of a case upon special issues, or upon general issue?"

This argument is ingenious, for the reason that it may be hard to determine or conceive just the character of case, the nature of which is such that it cannot be determined on special issues. However, the Legislature presumably had the previous legislation, its changes, and its construction in mind, and was aware of its history, when the last act under consideration was passed; and it would seem that if that body really intended to make the statute directory, instead of using substantially the language C. J. Gaines construed to be mandatory, it would have permitted the act, as to the matter of submission of special issues, to remain as it existed. To explain, in 1899 the Legislature again changed article 1833, substituting the word "may" for the word "shall," still, however, requiring the request to be made by a party to the suit as a condition to the submission of special issues, and later Chief Justice Gaines, in the same case of Railway Co. v. Jackson, 93 Tex. 262, 54 S. W. 1024 (then upon writ of error in that tribunal), construed the amendment of 1899 as directory, which again made the submission of special issues discretionary with the trial court.

There is no cause decided in our reports, reviewing the action of a trial court, where the submission of special issues has been re-

fused and considered as error upon the ground of abuse of discretion. In some of the opinions, in holding that it was discretionary with the trial court, there is language used in substance that, unless it clearly appears that the court has abused that discretion, the appellate court will not revise its action. If a trial court has correctly and appropriately submitted the issues of a cause in a general charge, and a litigant attempts to show an appellate court that the trial court has abused its discretion, we believe that he would be "stumped." He may, of course, indulge in abstractions as to the manner of his injury, but as a last analysis he could only say:

"This is a character of case, with its varied issues, which should have been submitted on special issues, because the justice of the case could have been better subserved by such a submission."

Even then he could not say that the jury would have rendered any different verdict if it had been submitted on special issues, instead of upon a general issue, and could not say that the general verdict was an injury, in the sense that he could exhibit a deprivation of a legal right.

Appellee says, it being the intention of the Legislature of 1913 to leave it to the discretion of the trial judge, "the complaining party must show that the court abused its discretion to appellant's injury"; the logic being that, the trial court having decided "that the nature of the suit is such that it cannot be determined on the submission of special issues," it ends the matter, unless an abuse of discretion, by showing some concrete injury, is exhibited, notwithstanding the Legislature further said, "The action of the court in refusing may be reviewed on proper exception in the appellate court." How could an unsuccessful litigant exhibit that his rights were not attained by a general verdict, if every issue were appropriately submitted in a general charge? If inappropriately submitted in a general charge, it is the misapplication of the law, or a misunderstanding of the issues, or some act of omission, upon the part of the trial court, which constitutes the error and the injury, and not the mode of submission.

Chief Justice Gaines said in the Jackson Case, supra, 92 Tex. 640, 50 S. W. 1013, wherein he held the statute mandatory:

"In very complicated cases, it greatly promotes the administration of justice to have a jury find specially the facts of a case," etc.

When this statute says, "In all jury cases the court, upon request of either party, shall submit the cause upon special issues," unless the "nature of the suit is such" that it cannot be so determined, is it not more rational to say that, if the cause is one that can be submitted on special issues, the trial court has committed error, and it is the refusal of that character of cause, which "may be reviewed by proper exception in the trial court"? If the other construction is to prevail, what is the use of excepting and the appellate court attempting to review something which, practically speaking, cannot be reviewed?

You have to read into the statute, by appellee's construction, that the Legislature said that the trial court is the arbiter of the character of cause which should be submitted on special issues, notwithstanding his refusal in matters of this kind may be reviewed in the appellate court. Is it not more compatible with the meaning, if it means anything, that the appellate court may review the character of cause, which could, and should, have been submitted? If it is replied, though the appellant may except and have the matter reviewed, there is nothing to review for the reason that all cases may be submitted on special issues—even a cause with one issue may be so submitted—we are not, however, prepared to say that the proviso is meaningless (which is really the logic of appellee's construction), because we are unable to conceive a case, the nature of which is such that it cannot be submitted in that manner. If it is meaningless, however, and does not establish an exception, because there is no exception that can be conceived, appellee may land upon this proposition: A proviso, "if irrelevant to the enacting part and meaningless with reference thereto, or repugnant to the body of the act, is rejected." Lewis' Sutherland on Statutory Construction, vol. 2, p. 674.

As Sedgwick on Statutory and Constitutional Law, p. 47, says:

"A saving clause in a statute, where it is directly repugnant to the purpose or body of the act, and cannot stand without rendering the act inconsistent, or destructive of itself, is to be rejected."

The Supreme Court of Georgia, in the case of Jackson v. Moye, 33 Ga. 296, decided that:

"Where a proviso in an act is inconsistent with the purview (of the act), the latter must prevail."

See Penick v. High Shoals Mfg. Co., 113 Ga. 592, 38 S. E. 973.

[2, 3] This cause is such as shown by the issues in our preliminary statement, and upon a consideration of the record, we believe should have been submitted on special issues, upon the request of the appellant, and, if so, the statute is mandatory, and rule 62a (149 S. W. x), cannot cure an error, where a statute has been violated.

[4] Appellant urgently insists that negligence is not shown; that the evidence is insufficient.

Presenting the tendency of the testimony, upon appellee's theory of the case, solely from the standpoint of its sufficiency as a jury question, we will say: It could be inferred that the appellee was ascending the ladder, and had not then arrived at the platform for the purpose of pulling the tubing, when he fell; that a step of the ladder,

when he was first seen, was falling with him; that shortly after the accident a step of the ladder was found upon the ground, and that before the accident there was none; that the step which fell with him was torn from the ladder between the fifth and sixth girder; that it was fastened with eightpenny nails driven through the same, one nail in each corner of the step, and that two of the nails in the corners of the steps were straight and unbent, while the other two in the opposite corners were bent downward, from which it might be inferred that appellee caught hold of the step with his hands as he was climbing the ladder, and that the top nail in each corner of the step pulled out; that in holding to the step with the partial weight of his body, and with the act of falling, pulled the step from the upright to which it was nailed and in such a manner as to bend the nails in the bottom corners of same; that there was not a sufficient portion of the nail, after having been driven through the step, the latter 1¼ inches in dimension, to sufficiently penetrate the upright to which it was nailed as to constitute the ladder a safe appliance for the purpose of conducting the work in hand. Appellant says that the uncertainty of this proof is such that there are other causes equally inferable, for which it is not liable, just as consistent with the accident as that its negligence is mere speculation or conjecture. Where applicable, we do not deny this principle; it is fundamental; likewise it is fundamental that you cannot infer one presumption from another presumption. This should not be confounded, however, with the permissive principle that the fact of negligence may be proven by circumstantial evidence. The Supreme Court of Iowa, in the case of Paulsen v. Bettendorf Axle Co., 146 Iowa, 403, 125 N. W. 176, said that:

"Where the cause of an accident may be inferred from circumstances, * * * the mere suggestion of other possible theories does not make the inference to be drawn from such circumstances a matter of mere speculation or conjecture. When the plaintiff shows a reasonable explanation of the cause of his injury which indicates it to be the proximate result of defendant's negligence, it is for the defendant to show some other cause at least equally conceivable and equally consistent with the proved or admitted facts to defeat plaintiff's recovery."

[5] Appellant says that even appellee is unable to tell whether he slipped and fell, or pulled off the step, or kicked it off; appellee says, however, that the concussion and injury resulting from the fall was such, that the circumstances of the accident were a blank to him, which is not improbable. In jurisdictions where proof of contributory negligence is upon the defendant in personal injury cases, it is said that the burden is upon the defendant to remove the presumption that the person for whose death the action was brought was in the exercise of due care at the time of the accident. Stewart v. Raleigh Air Line R. R. Co., 141 N. C. 255, 53 S. E. 877; Little Rock & Ft. Scott R. R. Co. v. Eubanks, 48 Ark. 460, 3 S. W. 808, 3 Am. St. Rep. p. 245. See La Batt on Master & Servant, vol. 4 (2d Ed.) p. 4913, with annotations, for a full discussion upon this subject.

[6] If the injuries to the appellee were such that the incidents of the accident are a blank to him, the rule would apply that he is presumed to have been exercising due care at that time, if the circumstances did not point to the contrary. Of course this rule would not overcome the proposition raised by appellant that if appellee was pursuing a dangerous method of ascending the derrick, and if an ordinarily prudent person would have pursued, with the use of his arms, a safer method for that purpose, appellee may have been guilty of contributory negligence, contended for by appellant to have been raised by the testimony of a co-worker, by suggestions made by the latter to appellee of a safer method. Railway Co. v. Matthews, 100 Tex. 63, 93 S. W. 1068; Railway Co. v. Malone, 102 Tex. 269, 115 S. W. 1158; Railway Co. v. Wall, 102 Tex. 269, 115 S. W. 1158.

[7] The objections and criticisms of the appellant to the general charge of the trial court, in the main, become immaterial if the cause is to be submitted on special issues, and we are presuming upon the continuation of the request. We would suggest, though, that it might be more proper for the trial court to charge that it was the duty of the master to exercise ordinary care to furnish the servant with reasonably safe appliances with which to work, and to exercise the same character of diligence in keeping them in condition. Railway Co. v. Gormly, 91 Tex. 398, 43 S. W. 877, 66 Am. St. Rep. 894.

The court charged that, when the plaintiff Dinwiddie entered the employ of the defendant, it became the duty of the defendant "to furnish plaintiff, as servant, with reasonably safe appliances for the purpose for which they were to be used, and it was the duty of the master, after having provided such appliances, to keep the same in a reasonably safe condition," etc., which may not meet the full measure of the law in that respect.

[8] An interrogatory should be so framed as to evoke a finding upon fact issues, and a finding of merely evidential facts is improper. The statute says that the court shall submit the cause upon the issues raised only by the pleadings and the evidence. It is also statutory that the special verdict "must find the facts established by the evidence, and not the evidence by which they are established." Article 1985. The nonobservance of the statute is often the cause of a multiplicity of findings, based upon numerous questions, some of which call for a finding of evidence instead of a finding of the issuable facts constituting the essential question in litigation.

For the error indicated, the cause is reversed and remanded for a new trial.