### GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY v. CLARA M. CODY ET AL.

#### Application No. 2214. Decided May 18, 1899.

**1. Trial—Submission on Special Issues—Request—Bill of Exceptions.**

A party who desires to review the action of the court in refusing to submit a case upon special issues should except to the ruling of the court and take a bill of exceptions thereto. (P. 633.)

**2. Same.**

The request for the submission of special issues stands on a different footing from charges given or requested charges refused; it should be made before the main charge is given to the jury, and that this was done does not appear from such written request accompanied by a request to submit special issues and marked "refused." (P. 633.)

APPLICATION for writ of error to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

The railway company appealed from a judgment recovered against it in the trial court, and on affirmance applied for a writ of error.

*Upson, Bergstrom & Newton,* for petitioner.

GAINES, CHIEF JUSTICE.—Having held in the case of the Galveston, Harrisburg & San Antonio Railway Company v. Jackson, recently decided, that under our present law the trial judge, in a case tried with a jury, is bound to submit it upon special issues when requested to do so by a party to the suit, we granted a motion for a rehearing of the application in the present case upon the ground that in the trial of the cause

the court had refused, upon request of the defendant, so to submit the issues.

The transcript having been returned to us, we find upon inspection that there appears therein a written request by counsel for defendant to submit the case upon special issues, accompanied with a special request to submit certain issues. These are marked "refused" by the judge. That is all that the record shows with reference to the matter. We are of opinion that a party who desires to review the action of the court in refusing a submission upon special issues should except to the ruling of the court and take a bill of exceptions thereto. Such a request is neither a charge given nor a requested charge refused, and it stands upon a very different footing. The propriety of a bill of exceptions in such a case is shown by the very record before us. We are clearly of the opinion that a request for a submission upon special issues should be made before the main charge is given to the jury. If the proceedings are inserted in the transcript in the order of time, then the request in this case was made after the charge was given to the jury. This was too late. A proper bill of exceptions would have shown at what point in the progress of the trial the request was made.

Being of the opinion that the action of the court in the particular we have had under consideration can not be reviewed in the absence of a bill of exceptions, the application is again refused.

*Writ of error refused.*