GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY V. SOLOMON JACKSON.

No. 787. Decided May 3-25, 1899.

1. **Special Verdict—Effect of Request For.**

Article 1333, Revised Statutes 1895, is mandatory, and requires the trial judge to submit a case to the jury on special issues when requested by a party. (Reviewing legislation on subject: Act of May 13, 1846; Revised Statutes 1879, articles 1330-1333; amendments to article 1333, Regular Session, 1879, p. 119; Special Session, 1879, p. 38; Revised Statutes 1895, article 1333. (Pp. 639-641.)

**2. Certified Question.**

Where the statutes regulating a matter of practice are changed while a question dependent upon such statutes is pending before the Supreme Court upon certificate, that court has no jurisdiction to determine the effect of the new law, because it is not involved in the question certified for its decision. (Amendment of Rev. Stats., art. 1333, by Act of May, 1899.)   (P. 641.)

QUESTION CERTIFIED from the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

*Upson & Newton,* for appellant.

*J. A. Buckler* and *H. C. Carter,* for appellee.

GAINES, CHIEF JUSTICE.—The following question has been certified for our decision by the Court of Civil Appeals for the Fourth Supreme Judicial District:

"The defendant, the railway company, in writing, requested the district judge to submit the case to the jury on special issues, suggesting certain issues or questions of fact as proper issues.   The court declined to submit special issues and submitted the cause by a general charge. Defendant took a bill of exceptions.

"The question now submitted is asked in view of the course of legislation on this subject, and we respectfully refer the court to the Acts of the regular session of 1879, p. 119, of the special session of 1879, p. 38, Revised Statutes of 1895, article 1333, and Act of special session of 1897, p. 15.

"Question.—When a party requests a case to be submitted to the jury by special issues, do the statutes as now in force make it mandatory on the trial judge to so submit the case?"

In our opinion the history of our legislation upon special verdicts solves the question certified.   The Act of May 13, 1846, "to regulate proceedings in the district courts," contains this provision:   "In civil suits the jury may find and return a special verdict in writing, in issues made up under the direction of the court, declaring the facts proved to them; any verdict so found shall be conclusive between the parties as to the facts found."   Articles 1330, 1331, 1332, and 1333 of the Revised Statutes of 1879 have substantially the same provisions.   They read as follows:

"Art. 1330.   A special verdict is one wherein the jury find the facts only on issues made up and submitted to them under the direction of the court.

"Art. 1331.   The special verdict must find the facts as established by the evidence, and not the evidence by which they are established, and the findings must be such as that nothing remains for the court but to draw from such facts the conclusions of law.

"Art. 1332. A special verdict found under the provisions of the two preceding articles shall, as between the parties, be conclusive as to the facts found.

"Art. 1333. The jury shall render a general or special verdict as may be directed by the court; and the verdict shall comprehend the whole issue or all the issues submitted to them," etc.

The Revised Statutes of 1879 were adopted by the Sixteenth Legislature at its regular session. After their adoption, at the same session, article 1333 was amended by inserting the words, "at the request of a party to the suit," so as to make that article read in part as follows: "Art. 1333. The jury shall render a general or special verdict, as shall be directed by the court at the request of a party to the suit, and the verdict shall comprehend the whole issue or all the issues submitted to them," etc. Laws of 1879, Reg. Sess., p. 119. Again, at a special session of the same Legislature, that part of the article above quoted was again amended so as to make it read as follows: "Art. 1333. The jury shall render a general or special verdict as may be directed by the court, and the verdict shall comprehend the whole issue or all the issues submitted to them," etc. Laws of 1879, Spec. Sess., 38. The latter amendment seems to have been overlooked by the late revisers. In the Revised Statutes of 1895 the article appears as in the first amendment; and as so written it is now the law.

Under the law previous to the amendment, the submission of a case upon special issues was in the discretion of the trial judge. He was not bound to follow the request or the objection of either party. The object of the amendment, therefore, must have been either to prohibit the judge from submitting special issues unless requested by a party to the suit, or to make it obligatory upon him when so requested. We think the latter the proper construction. We see no good reason why the Legislature should have desired to restrict the power of the trial court to submit a case upon special issues. In very complicated cases it greatly promotes the administration of justice to have a jury find specially the facts of a case, and therefore it may have been thought best so to change the law as to require the judge to submit special issues when either party should request him to do so. That the Legislature which passed the first amendment construed it as making it obligatory upon the judge to call for a special verdict when requested by a party to the suit, is shown by the second amendment, which substitutes the word "may" for the word "shall,"—that is to say, a word which is ordinarily one of permission for a word which must most generally be construed as a word of command. The Legislature must have thought the former amendment made it the duty of the court to submit upon special issues when demanded by a party to the suit. This seems to us to be in accordance with the meaning of the words employed. In the absence of some direction by the court to the contrary, the jury must return a general verdict. Hence the Legislature did not intend to confer a right upon a party to request such a verdict. Besides, if the request mentioned referred both to a

general verdict and to a special verdict, then the request might be nugatory, since one party could defeat a request for a special verdict by a request for a general one. The statute should be construed as if it read: "The jury shall render a general verdict; or a special verdict which the court shall direct when so requested by a party to the suit." As frequently occurs, the intention of the Legislature, whatever it may have been, is not expressed as clearly as it might have been; but looking to the original law and the several amendments, we think that the purpose of the first amendment as re-enacted in the Revised Statutes of 1895 was to make it the duty of the trial judge to submit a case upon special issues when requested to do so. See Texas Loan Agency v. Fleming, 18 Texas Civ. App., 668. We take occasion to say that in our opinion the cases of Cole v. Crawford, 69 Texas, 124, and Railway v. Miller, 79 Texas, were correctly decided. The second amendment of July 9, 1879, was in force when those cases were tried. That amendment left the submission upon special issues in the discretion of the trial judge. Both opinions are, however, based upon the original articles of the Revised Statutes of 1879, and make no reference to the amendments which were made thereto, presumably for the reason that the attention of the court was not called to those amendments.

We answer the question in the affirmative.

Opinion delivered May 8, 1899.

### ON MOTION FOR REHEARING.

GAINES, CHIEF JUSTICE.—To our minds, the argument on the motion for a rehearing of the question certified suggests no sufficient reason why we should change the opinion heretofore filed. But it is urged by counsel in support of the motion that because the Legislature has amended the article construed by us so as no longer to make it mandatory upon the trial court to submit a case upon special issues, when requested to do so by a party to the suit, the question ought to be decided by the law now existing and not by that in force at the time of the trial and at the time of the appeal. That presents a novel and difficult question, but it is a question not certified by the Court of Civil Appeals, and one which, in our opinion, we have no jurisdiction to determine in this proceeding.

The amendment referred to became a law May 12, 1899, which was not only after the question was certified by the Court of Civil Appeals, but was after our opinion in answer thereto was filed.

The motion for a rehearing is overruled.

*Motion overruled.*

Opinion delivered May 25, 1899.