## CITY OF VAN· ALSTYNE V. M. M. MORRISON.

Decided December 8, 1903.

**1.—Appeal to County Court—Amendment—Setting Up New Matter.**

Under the statute providing that on appeal from the justice to the county court new matter may be pleaded, but no new cause of action shall be asserted, an amendment may go to the extent of increasing the amount of damages claimed and adding an additional item of damage involved in the same transaction, but not alleged below. Rev. Stats., art. 358.

**2.—Cities—Contract to Supply Water—Abating· Nuisance.**

Plaintiff contracted with defendant city for a supply of water for his residence for one year at a fixed rate, but at the end of the first quarter the city turned off the water without notice. Plaintiff sued for damages, and the city set up in defense that plaintiff was emptying the waste water from his residence upon the street, and that it had cut off the water in order to abate the nuisance thereby created, the street being ungraded. Held, not a proper way to obate the nuisance, and not a justification of defendant's violation of its contract.

**3.—Same—Item Not Included in Water Rate.**

Nor was it a defense that plaintiff was using water for a bathtub in his residence, an item not included in his water rate, where the extra charge for such item was fixed by the waterworks committee but had never received the approval of the city council, and no mention of the item was made at the time plaintiff's rate was fixed.

**4.—Same—Proof of Damage.**

The burden was on plaintiff to prove with reasonable certainty the value of the water of which he was deprived for the unexpired term of the contract, and what it would rasonably cost him over and above the amount he was to pay defendant therefor, and for failure of the proof in this respect the judgment is reversed.

Appeal from the County Court of Grayson. Tried below before Hon. G. P. Webb.

*Smith, Templeton & Tolbert,* for appellant.

*Don. A. Bliss,* for appellee.

TALBOT, ASSOCIATE JUSTICE.—Appellant, in 1901, was a municipal corporation, duly incorporated under the laws of Texas as a city of one thousand inhabitants or more, and engaged in operating a system of waterworks and selling and supplying water to the citizens thereof. Appellee resided in said city with his family, and made application to appellant to be supplied with water on his premises for residence purposes and for two horses and one cow. The application was granted; the necessary connections made and hydrants put in by the city plumber on or about the 27th day of May, 1901. Annual water rates had been fixed by appellant, which, among others, were $12 for a residence, $1.50 for a cow, $2 for a horse, and $1 for each additional horse, payable quarterly in advance. Appellee also had placed in his house a bathtub which was connected and supplied with water from appellant's waterworks for family bathing purposes.

Appellee paid the first quarterly installment of the annual water rate, and the water was turned on and used by him under this contract until

the 1st day of December, 1901, when the water was cut off from appellee's residence by appellant. The appellee paid or tendered the second quarterly installment of the annual water rates and demanded that he be supplied with water as appellant had agreed to do. This was refused, and thereupon appellee filed suit in the Justice Court of Precinct No. 4 of Grayson County against appellant, to recover the sum of $95, alleged to be the amount of damages sustained by him for failure on the part of appellant to perform water contract. Upon a trial in the Justice Court appellee failed to recover and appealed to the County Court, where he amended his pleadings, still setting up the breach of said water contract on the part of appellant as his cause of action, but itemizing in part the damages claimed, and increasing the total damages sued for to the sum of $200.

Appellant answered by general and special exceptions, general denial, and special answer in which it alleged in substance that appellee had placed in his residence a bathtub and was using the water furnished him for bathing purposes without having applied for the same and without its knowledge and without having paid anything for the same. That by ordinance or resolution of its waterworks committee a rate of $3 per annum had been fixed for water to be supplied for bathing purposes in a residence, and that appellee knew of such rate at the time he applied for water to be supplied his residence. That the rate of $12 for residence purposes was limited to a family of five in number, and that appellee's family consisted of six persons. That appellee had drained and emptied the waste water from his residence on the streets of said city and thereby created a nuisance endangering the health of the inhabitants of the city, and that appellant was authorized to abate said nuisance, and the only practical way it had of doing so was by cutting off the water from appellee's residence. A trial was had in the County Court which resulted in a judgment for appellee in the sum of $150, from which judgment this appeal is prosecuted.

Appellant excepted to appellee's amended pleadings filed in the County Court and sought to strike out the same upon the ground that another and different cause of action from that pleaded in the Justice Court had been presented. The court overruled this exception, and in this action we believe there was no error. It has been repeatedly held by the courts of this State, under our statute on this subject, that new matter may be pleaded in the county court which was not plead in the justice court, but no new cause of action can be asserted. The amendment may go to the extent of increasing the amount of damages sought to be recovered and adding an additional item of damage involved in the same transaction, but not alleged below. City of Dallas v. McAllister, 30 S. W. Rep., 452; Von Boeckman v. Loebb, 7 Texas Ct. Rep., 448. The cause of action in this case was the same in the Justice and County Court. In both courts a recovery was sought to be had upon an alleged breach of contract on the part of appellant to supply appellee with water; the allegations in the County Court simply specified more par-

ticularly the items of damage and enlarged the amount thereof. We believe the law is clearly settled against this contention of appellant in the authorities cited and other authorities of this State.

By various assignments of error complaint is made and urged against the action of the trial court in refusing to allow appellant to show that appellee was the city health officer of appellant; that it was his duty to report to the city council of appellant all nuisances discovered by him in the city; that he had drained and emptied the waste water from his residence on the streets of appellant, and that the same collected and stood in said streets and became and was a nuisance obnoxious to the citizens of said city and dangerous to their health, all of which was known to appellee; that the streets of appellant in the vicinity of appellee's residence were not graded, and that the city had no sewerage system, and that the only practical way it had of abating the nuisance thus created, short of constructing a sewerage system, was to cut off and stop appellee's water supply, etc.

We are of the opinion that there was no error in excluding this and other evidence offered upon this phase of the case. The appellee had entered into a contract with appellant by the terms of which appellant was to furnish him water at the rates fixed and established for a period of one year. If not so expressed in terms, this was the fair and reasonable implication from the nature and purposes of the transaction, and evidently was so understood by the appellant. That appellee drained the waste water from his residence and emptied it on the streets and thereby created a nuisance, did not, in our opinion, justify the appellant in violating its contract with appellee by cutting off the supply of water agreed to be furnished. It may be true that one of the functions of the police powers of a city is to regulate and abate nuisances; but this power should be exercised in a proper manner. We regard the cutting off of appellee's entire water supply, under the facts disclosed by the record before us, unnecessarily harsh and oppressive, and no matter what the general rule may be with regard to the power of municipal corporations to summarily abate nuisances detrimental to public health, was unwarranted. There was no such emergency shown as justified such summary action. The ordinary method by which a municipal corporation abates a public nuisance, at least in many jurisdictions, is by criminal proceedings. Georgetown v. Alexandria Canal Co., 12 Pet. (U. S.), 95; Welch v. Stowell, 2 Dougl. (Mich.), 332; Shepard v. People, 40 Mich., 487. An application of this remedy in this case would probably have resulted in a prompt abatement of the nuisance complained of by appellant. If not, unquestionably the appellant had a prompt, adequate and efficacious remedy through a court of equity by injunction. City of Llano v. County of Llano, 5 Texas Civ. App., 132, 23 S. W. Rep., 1008; State v. Goodnight, 70 Texas, 686; Dunn v. City of Austin, 77 Texas, 143; 2 Smith on Mun. Cor., sec. 1094. A resort to this remedy would have preserved the rights of appellee under his contract and afforded the appellant and its inhabitants prompt relief from the annoyance and

dangers of the alleged nuisance. The appellant chose the more summary remedy without legal notice to appellee of its intended purpose, and we believe it is liable to appellee for whatever damage, if any, he has sustained by reason thereof.

We deem it unnecessary to discuss the numerous assignments of error complaining of the charge of the court and the refusal to give certain special charges requested. The main charge was substantially correct, and as favorable to appellant as it could reasonably ask. Many of the questions raised by these assignments have been disposed of by what has already been said, and under the evidence as it appears in the record before us appellant was not entitled to have the jury instructed to the effect that if appellant's waterworks committee had prescribed and fixed a special rate for bathtubs in addition to the rate for general residence purposes, and appellee had failed to obtain a permit to use water for such bathtub and failed to pay such additional rate, then appellant had the right to shut off his water supply, without notice to him.

The extra charge for water to be used in family bathtub is not found in the ordinance fixing water rates. This rate seems to have been prescribed by the waterworks committee, without express authority to do so, and not adopted or confirmed by any affirmative action on the part of the city council; besides it seems that the failure to provide for this extra charge for bathtub was an oversight or mistake of Thompson, the chairman of the waterworks committee, and not due to any misrepresentation of appellee. This rate was unknown to appellee and peculiarly within the knowledge of Thompson, agent of appellant, who issued the permit to appellee to use the water. When appellant discovered that appellee was using water in his bathtub for bathing purposes, notice should have been given him to the effect that an extra charge was demanded for such use, and an opportunity afforded him to pay it, before cutting off the entire water supply. Under the circumstances he had not forfeited his right to the use of all the water. There is no merit in the contention that appellant had the right to cut off the water because the rate established and being paid by appellee was for a family of five or less, and appellee's family consisted of six in number. His family consisted of himself, wife, three small children and a baby in arms. He applied to Thompson for water for general residence purposes and for two horses and one cow. No questions were asked about the size of his family and nothing said or thought about it, according to Thompson's testimony. Appellant had established but one rate for the use of water in a family residence, and there is no pretense that the water was shut off because of the number of appellee's family or for the reason that he was using it in a bathtub. The undisputed evidence shows that the water was cut off solely for the reason that appellee was emptying his waste water into the streets. In view of the evidence the propriety of submitting the issues raised about the use of the bathtub and the number of appellee's family may be doubted, but however that may be,

it is safe to say, we believe, that the error, if error, was favorable to appellant.

Appellant's twenty-sixth assignment of error attacks the evidence as not being sufficient to authorize the submission of the value of the water that appellant was bound to furnish appellee for the unexpired term after the water was cut off and which it failed to furnish, and as being insufficient to warrant the verdict of the jury. This question is not entirely free from difficulty, but after a careful consideration of the evidence as it appears in the record, the conclusion is reached that this contention is correct and requires a reversal of the case. Appellee's cause of action is based upon an alleged breach of contract, and not upon a tort. He avers in substance that the reasonable fair value of the supply of water that the defendant agreed and became bound to furnish to plaintiff for the unexpired term, after the water was shut off and not furnished, was and is the sum of $150, and that it would reasonably cost plaintiff said amount, over and above the amount he would have had to pay to defendant under the terms of said contract, whereby he says that he has been damaged by breach of said contract by defendant in the sum of $150. We are aware of the established rule that, under general allegations of damages, plaintiff may prove and recover those damages which naturally and necessarily result from the act complained of; and that in this State it has been held, in suits to recover for the lost services of a wife or small child that the question of the value of such services is not confined to any exact mathematical calculation, and where the amount of damage is not susceptible of direct proof, the assessment of reasonable compensation must necessarily be referred to the sound discretion and judgment of the jury. Brunswig v. White, 70 Texas, 504; Railway Co. v. Lacy, 86 Texas, 244.

It has also been held, however, that even where the law implies damages such as necessarily result from a wrongful act, proof is required to show the extent and amount of damages. Davis v. Texas & P. Ry. Co., 42 S. W. Rep., 1008; International & G. N. Ry. Co. v. Simcock, 81 Texas, 503; Texas & P. Ry. Co. v. Curry, 64 Texas, 87; 1 Suth. on Dam., 917. The value of the water of which plaintiff was deprived for the unexpired portion of the alleged contractual year was the issue submitted to the jury, and the burden of proof was upon the appellee to show with reasonable certainty such value. The rule discussed is based upon the principle of necessity and should be restricted to that class of cases which, from their nature, is not susceptible of more satisfactory proof. We have scrutinized the record and are of the opinion that this case does not fall within the class mentioned, and that the facts proved are insufficient to form the basis for an intelligent estimate of the damages claimed. Other assignments not mentioned or discussed have been considered and no serious error found.

Because of the insufficiency of the evidence to support the verdict, the cause is reversed and remanded.

*Reversed and remanded.*