SHAW v. GARRISON. (No. 7241.)

(Court of Civil Appeals of Texas. Dallas. March 6, 1915. Rehearing Denied April 3, 1915.)

1. APPEAL AND ERROR ⚖=999—REVIEW—VERDICT.

Unless the verdict of a jury is manifestly unjust, inadequate, or contrary to the evidence, it cannot be disturbed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3912–3921, 3923, 3924; Dec. Dig. ⚖=999.]

2. TRIAL ⚖=349—SUBMISSION OF SPECIAL ISSUES.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1984a, providing that in all jury cases the court, upon request of either party, shall submit the cause upon special issues, the refusal of the court so to submit is error, since the statute is mandatory in view of its language.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 823–827; Dec. Dig. ⚖=349.]

3. EXCEPTIONS, BILL OF ⚖=8—SUFFICIENCY—REFUSAL TO SUBMIT SPECIAL ISSUES.

Under Rev. St. 1911, arts. 2058–2060, 2062–2067, relating to the manner of taking bills of exceptions to any ruling of the court, and providing that the bill need not necessarily be couched in formal words, but only that the ruling of the court complained of shall be shown with certainty, and that in case of exception to the refusal of the court to submit special issues, it shall appear that the request for submission was made before the submission of the cause to the jury, where a bill of exceptions to a refusal to submit special issues contained all necessary formalities, and recited that the request was made upon completion of the evidence and before the argument of counsel and in due time, the bill was sufficient.

[Ed. Note.—For other cases, see Exceptions, Bill of, Cent. Dig. § 10; Dec. Dig. ⚖=8.]

4. TRIAL ⚖=349—SUBMISSION OF SPECIAL ISSUES.

The only exception to Vernon's Sayles' Ann. Civ. St. 1914, art. 1984a, providing that in all jury cases the court, upon request of either party, shall submit the cause upon special issues which is a mandatory act, is where the nature of the suit is such that it cannot be so submitted.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 823–827; Dec. Dig. ⚖=349.]

Appeal from Dallas County Court; W. F. Whitehurst, Judge.

Action by J. C. Garrison against W. A. Shaw, Jr. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

George, Hancock & Hardwicke, of Dallas, for appellant. Morris & Pope, of Dallas, for appellee.

RASBURY, J. Appellee recovered judgment in the justice court in precinct No. 7 of Dallas county against appellant for $175, as brokers' commissions for services rendered in the sale of real estate for appellant. On appeal to the county court of Dallas county, at law, and on jury trial, verdict in same amount was returned for appellee, followed by judgment, from which this appeal is taken.

[1] The first assignment of error complains of the refusal of the trial court to sustain appellant's motion for a new trial on the ground that the verdict of the jury was contrary to and not supported by the evidence, and the inference deducible therefrom. The issue before the jury at trial was whether appellee was the procuring or efficient cause of the sale. With that issue in mind we have carefully read and considered the testimony incorporated in the briefs of both parties. We might, in deference to counsel, set out and analyze and compare the evidence in order to illustrate and present the reasons for our conclusions; but, since the sufficiency of the evidence to sustain the verdict is an issue for final determination by this court, we do not believe we are expected to do more than carefully read and weigh the evidence, which we have done, and state our conclusions, which are that it cannot be said that the verdict of the jury is mani-

festly against, inadequate with, or contrary thereto. Until such a case is presented we are without authority to disturb the verdict. The testimony on the trial of this case was of such character that had the verdict been for appellee it could have been sustained with equal consistency.

[2] The next assignment necessary to consider is that which attacks the action of the trial court in refusing to submit the case to the jury upon special issues of fact. In connection with the issue thus raised appellee did request the court in writing to so submit the issues of fact, which the court refused to do, indorsing such refusal upon the request. Within the time for preparing and filing bills of exception, etc. (Vernon's Sayles' Stats. 1914, art. 2073), appellant saved his objection to the action of the court in the particular mentioned which was by the trial judge approved and ordered filed. The action of the trial court in the respect stated was clearly erroneous. The statutory rule relating to the submission of special issues of fact to the jury was radically amended by the Thirty-Third Legislature. Gen. Laws 1913, Reg. Sess. 113; Vernon's Sayles' Stats. 1914, art. 1984a. The amendment referred to provides that "in all jury cases the court, upon request of either party, shall submit the cause upon special issues," etc. By the former statutes the submission of the case upon special issues of fact was optional with the court. Article 1985, R. S. 1911. The amended statute is scarcely susceptible of any construction other than that its plain and unambiguous provisions make it mandatory upon the court to submit the issues of fact specially when requested thereunto by either party, and it has been construed accordingly. Gordon Jones Cons. Co. v. Lopez, 172 S. W. 987; J. M. Guffey Petroleum Co. v. Dinwiddie, 168 S. W. 439. The conclusions we have reached, as well as those reached in the cases cited, are sustained in G., H. & S. A. Ry. Co. v. Jackson, 92 Tex. 638, 50 S. W. 1012, 51 S. W. 330, Id., 93 Tex. 266, 54 S. W. 1023, in construing former similar statutes upon the same subject.

[3] Appellee, however, objects in limine to a consideration of the issue thus raised, on the ground that it does not appear from the refused request to submit on special issues that the same was presented to and refused by the court before the court had read his charge to the jury submitting the case for a general verdict, and urges, in support of his proposition, the various cases by this and the other Courts of Civil Appeals construing the recent amendments to the Practice Acts, all of which relate to the method and manner of objecting to the court's general charge or to the action of the court in giving or refusing special charges. Submitting special issues of fact raised by the evidence to the jury for their determination, or refusing such submission, is, however, in no sense the giving or refusing to give a special charge, and hence in no respect controlled by the technical and particular provisions of the amendments and their construction referred to. "Such a request is neither a charge given nor a requested charge refused, and it stands upon a very different footing." G., H. & S. A. Ry. Co. v. Cody, 92 Tex. 632, 51 S. W. 329; Texarkana & Ft. Smith Ry. Co. v. Casey, 172 S. W. 729. The objection in the one case is to the law as applied by the trial judge arising upon the facts, while in the other case the objection is to the method and manner of directing the jury what facts they shall determine from the evidence. It is, however, also true "that a request for a submission upon special issues should be made before main charge is given to the jury." G., H. & S. A. Ry. Co. v. Cody, supra. The question for determination then is, Does the bill of exception show that the request to submit the case upon special issues of fact was made before the charge submitting the case generally was read to the jury? The manner and form of taking bills of exception to any ruling or action of the court are controlled by articles 2058–2060, 2062–2067, R. S. 1911, the provisions of which are unchanged by the recent amendments of the Practice Acts, save in reference to giving and refusing charges upon the law of the case. The substance of these provisions is that the bill, when taken, shall not necessarily be couched in particular or formal words, but only that the ruling of the court which is complained of shall be shown with certainty and definiteness, and that in cases like the instant one, as ruled by the Supreme Court, it shall appear that the request for submission upon special issues was made before the case was submitted to the jury upon a general charge. The bill in this case contains all the necessary formalities, and recites that the request to submit the case upon special issues was made "upon the completion of the evidence, and before the argument of counsel was begun, and in due time," which was refused by the court, and which "in each instance" was excepted to by appellant. We may, in inverse order, discard the recitation in the bill that the exception was taken in due time as a conclusion of its author and as not showing what actually occurred, and in like manner discard the recitation in the bill that the request was made "before the argument of counsel was begun," as insufficient for the reason that when this case was tried argument followed the charge (article 1954, Vernon's Sayles' Stats. 1914), and yet and nevertheless the bill is, in our opinion, sufficient, since it affirmatively shows that the request was made "upon the completion of the evidence," which is the exact time to make such request; in fact a request before the conclusion of the evidence would be before either party could determine either the necessity of such submission or whether the issues were determinable by that method. Any other construction would be strained and technical

and at variance with the plain import of the unambiguous statement in the bill that the request was made on "completion" of the evidence. Statutory rules, such as the Practice Rules, invoked by appellee, where mandatory, and where the exact and precise things to be done are prescribed, must be exactly complied with, since such was the obvious intention, or rather plain direction, of the Legislature. On the point at issue here, however, there are no such provisions, in fact none even that the charge shall be presented before the reading of the general charge, but as ruled in G., H. & S. A. Ry. Co. v. Cody, supra, that fact, for palpable reasons, must appear in order to constitute reversible error. In the absence, then, of mandatory directions, reasonable certainty and definiteness is the rule, and that rule, in our opinion, has been met in this case by making the request upon completion of the evidence.

But it is further urged by appellee that if it be conceded that substantially the bill is sufficient, yet the error is immaterial or harmless, since the sole issue in the case was, Was appellee the "efficient procuring" cause of the sale of the property of appellant, and that the court in substance submitted that issue? The proposition asserted may or may not be correct, depending upon the point of view, but the rule of harmless or immaterial error is not the rule adopted in this jurisdiction in such cases. G., H. & S. A. Ry. Co. v. Jackson, 92 Tex. 638, 50 S. W. 1012, 51 S. W. 330; Gordon Jones Cons. Co. v. Lopez, 172 S. W. 987.

[4] The cases cited cover the point and discuss the reason for the rule, to which we can add nothing by way of emphasis other than to repeat that the statute is mandatory, the only exception being where the nature of the suit is such that it cannot be submitted on special issues of fact, and that the instant case does not come within the exception is patent.

For the reasons indicated the judgment of the court below is reversed and the cause remanded for another trial not inconsistent with the views here expressed.

Reversed and remanded.