FRED MERCER DRY GOODS CO. v. FIKES. (No. 7657.)

(Court of Civil Appeals of Texas. Dallas. Jan. 13, 1917. Rehearing Denied Feb. 17, 1917.)

1. TRIAL ⬥351(1)—SUBMISSION ON SPECIAL ISSUES—DELAY OF MOTION.

Counsel must avail himself of the privilege to submit on special jury issues within a reasonable time after evidence is closed and request is properly refused, where it was made after court had prepared general charge, and time had been given for counsel to prepare special charges.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 829, 836.]

2. TRIAL ⬥273—INSTRUCTIONS—OBJECTIONS.

Where the court recessed for 10 minutes, prepared its charge in that time, and allowed 30 minutes to counsel for preparation of objections and special charges, the refusal of further time will not be held an abuse of discretion, where the objections or their nature which appellant wished to prepare are not stated in the record, and no showing is made that appellant was injured.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 680–682.]

3. APPEAL AND ERROR ⬥544(1) — REVIEW — PRESERVATION OF QUESTIONS—BILLS OF EXCEPTION.

Assignments on the refusal to submit special charges cannot be considered in the absence of bills of exception in the record thereto.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2412.]

Appeal from Rockwall County Court; J. W. Reese, Judge.

Action by the Fred Mercer Dry Goods Company against B. L. Fikes. Judgment for defendant, and plaintiff appeals. Affirmed.

T. B. Ridgell, of Rockwall, for appellant. A. H. Mount, of Dallas, for appellee.

RAINEY, C. J. Appellant sued appellee in the justice court on a note and interest and attorney's fees, allowing certain credits. Appellee answered that he signed the note and mortgage for the purpose of indemnifying Fred Mercer and G. W. Monroe, who on January 11, 1913, signed his appeal bond in a suit with W. J. Trice; that he was successful, and said sureties were released from the bond; also pleaded in reconvention for $180 damages.

Appellant relied that at the time appellee owed a note for $109.60 and an account of $16; that appellee traded with appellant during the year, which increased the amount of said note, and after allowing the credits the balance of said note is due; that appellee made payments on said note and never protested until about the time suit was brought.

In the justice court appellee was rendered judgment for $15 and for the recovery of the mules, which had been sequestrated. Appellant appealed to the county court, and before a jury appellee again recovered. An appeal was then taken by appellant to this court.

### Conclusions.

1. The court did not err in refusing to submit the case on special issues. To the refusal of the court to submit the case on special issues a bill of exception was reserved by appellant, to which the court appended the following explanation, to wit:

"When the evidence was finished, the court recessed to prepare its charge. No request was made by either party to submit the case on 'special issues.' I requested the attorneys to accompany me to my office and prepare their exceptions to the charge if they desired. Plaintiff's attorney accompanied me to my office, but, the charge not being completed, did not wait. Within ten minutes I had completed my charge and delivered it to the attorneys for both sides. Thirty minutes afterwards I called court and demanded of the attorneys that we proceed with case. At this time there was no request that the case be submitted upon special issues. The plaintiff's attorney had prepared and submitted three special charges to be submitted in connection with the court's main charge. When the court refused further time, plaintiff's attorney then requested that the case be submitted upon 'special issues.' The court refused the request for the reasons here stated and as stated in the bill. J. W. Reese, County Judge."

[1] We are of the opinion that the request of appellant to submit on special issues came too late. An attorney has the right to have the case submitted 'on special issues under the statute, but he must avail himself of that privilege within a reasonable time after the evidence is closed, and not wait until the court has prepared a general charge and time been given for counsel to prepare special charges, and then demand that special issues be given. Under the proceedings as detailed counsel for appellant had waived his privilege and he cannot now be heard to complain.

[2] 2. Error is assigned that sufficient time was not allowed by the court for attorneys to prepare objections to the court's main charge and prepare special charges. After the evidence was heard the court took a recess to prepare his charge, which took about 10 minutes, when it was presented to counsel, and 30 minutes given for them to prepare objections and special charges. Counsel for appellant prepared three special charges, which were handed to the court, and two objections, and then asked for further time to prepare further objections. This the court refused, and stated: "The trial of the case must proceed." Plaintiff's attorney stated he had not stopped a minute and had not had time to finish. The court refused to permit attorney to take the papers out of the courthouse to prepare objections, but stated time would be given in the courtroom. The charge of the court is short, having required only 10 minutes to write it by the court. What further objections, if any, or what was the nature of the further objections appellant's attorney wanted to prepare are not stated, and do not show that appellant suffered any injury. This being the case, we are not prepared to say the court abused its discretion.

[3] 3. There are no bills of exception in the record to the refusal of the court to submit special charges requested by appellant; therefore the assignments based on such refusal cannot be considered by this court. Railway Company v. Bland, 181 S. W. 504.

4. The evidence was conflicting, but there is sufficient probative force to support the verdict for appellee.

5. Finding no reversible error in the record, the judgment is affirmed.