KLYCE v. GUNDLACH. (No. 5758.)

(Court of Civil Appeals of Texas. Austin. March 14, 1917.)

1. LANDLORD AND TENANT ⬥48(½) — MISREPRESENTATIONS—WAIVER.

Where plaintiff falsely represented to defendant, to whom she rented agricultural land, that it was free from Johnson grass, but defendant discovered that the land was sodded with Johnson grass, either at the time he went into possession or executed the contract of lease and a mortgage to secure the rent, he waived any right of action to recover damages occasioned by falsity of the representations.

2. LANDLORD AND TENANT ⬥48(2)—MISREPRESENTATIONS AS TO NATURE OF PROPERTY—MEASURE OF DAMAGES.

Where defendant, who leased agricultural land from plaintiff, was damaged by her false representations that it was free from Johnson grass, his measure of damages is the difference between the value of the crops he would have raised, had the land been free from such grass, and the value of the crops he raised. He cannot recover as damages the value of his labor, etc., in seeding and cultivating the land.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 116.]

3. TRIAL ⬥349(1)—SUBMISSION OF SPECIAL ISSUES—NECESSITY.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1984a, and Acts 33d Leg. c. 59, declaring that in all jury cases the court, upon request of either party, shall submit the case on special issues raised by the pleadings and the evidence, the refusal of the court to submit a case upon special issues as requested is reversible error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 823.]

Appeal from Bell County Court; W. K. Saunders, Special Judge.

Action by Mrs. S. L. Klyce against Carl H. Gundlach, who answered, filing a plea in countervention. From a judgment for defendant on his plea in countervention, plaintiff appeals. Reversed and remanded.

A. D. Dyess, of Temple, for appellant. Jno. B. Daniel, of Temple, for appellee.

RICE, J. During the fall of 1914 appellant rented 65 acres of land near Temple to appellee for the year 1915, for the sum of $300, money rent, upon which he paid the sum of $50, and executed his note for the balance, secured by a mortgage lien on a pair of mules, and this suit is brought to enforce the collection of the balance due on said note, and foreclose said mortgage lien. Appellee admitted the execution and delivery of the note and mortgage, but defended on the ground that appellant represented that the land was free from Johnson grass and was in a good state of cultivation, whereas, in truth, and in fact, the farm was sodded with Johnson grass, and was not in a good state of cultivation, whereby he was unable to make a crop thereon, notwithstanding he made diligent effort to cultivate the same in a farmerlike manner, reconvening in damages in the sum of $600. Appellant replied that, at the time of the making of the rent contract and the execution of the note and mortgage, appellee had full knowledge of the condition of the farm, and that the same was set in Johnson grass, whereby he waived his claim for damages, and was estopped from setting up fraud. The case was tried before a jury, and resulted in a verdict and judgment in behalf of appellant for the amount due on the note, together with foreclosure of her mortgage lien, and in appellee's favor for the sum of $600, as damages, from which this appeal has been taken.

The facts show that during the fall of 1914 appellant rented 65 acres of her farm to appellee for the ensuing year for the sum of $300, money rent, upon which he paid her the sum of $50 cash, promising to execute his note for the balance and give a mortgage on a pair of mules to secure same, at which time he and appellant rode over and looked at the land. On the 1st of January thereafter he moved upon the place and began work thereon. The note and mortgage in question were executed on the 27th day of January, 1915, at which time he had broken up a considerable portion of the land, and had found that the same was thickly set with Johnson grass. He testified that, notwithstanding this, he executed said papers, because he had been to considerable expense in moving, and appellee threatened to dispossess him if he refused to do so; it being then too late to get another place. The evidence is conflicting as to whether appellant told him that the land was set in Johnson grass at the time he rode over and examined the same. Appellee testified that he

planted the land in corn and cotton, and made diligent effort to raise a crop thereon, but was unable to do so on account of the Johnson grass.

[1] The second assignment complains of the action of the court in overruling and striking out appellant's plea of waiver. Appellant set up the fact that at the time of the execution of the note appellee was in possession of the land and knew its condition with reference to being set in Johnson grass, and that by the execution of the note he waived whatever cause of action, if any, he had, based upon the alleged fraudulent representations of appellant with reference thereto, asserting by her proposition thereunder that no recovery can be had upon an action of fraud and deceit, when it is shown that at the time the contract was made the complaining party knew the true condition of the land he was renting. We think this assignment is well taken, because the evidence raises an issue as to whether appellee knew the land was set in Johnson grass at the time he made the contract, and that it is uncontroverted to the effect that at the time he executed the note he knew the condition of the land. This being true, he could not recover on his plea in reconvention, because by the execution and delivery of the note he must be held to have waived his cause of action based on the alleged misrepresentations as to the character of the land by appellant. See Cresap v. Manor, 63 Tex. 485; Calhoun v. Quinn, 21 S. W. 705. Misrepresentation to a party having knowledge of the facts, or means of ascertaining them, can form no basis for an action of fraud and deceit. Warner v. Munsheimer & Co., 2 Willson, Civ. Cas. Ct. App. § 393; 20 Cyc. 92, wherein it is said:

"If the defrauded party acquires knowledge of the fraud while the contract remains executory, and thereafter does any act in performance or affirmance of the contract, or exacts performance from the other party, he thereby condones the fraud and waives his right of action."

Believing that the court erred in striking out this plea, we sustain this assignment.

[2] As a basis for his cross-action appellee set up the fact that he had worked with his teams in the cultivation of said land from January to August, feeding himself and teams, from which he realized nothing, and that the value of his services and that of his team was the sum of $600. To this plea appellant addressed a general demurrer, which was overruled. This action of the court·is assigned as error. We think the cross-action set up an improper measure of damages, and that it was subject to the demurrer urged. In this connection appellant requested, and the court refused, the following special instruction:

"Gentlemen of the Jury: If you should find that, prior to the rental contract in controversy, the plaintiff, Mrs. S. L. Klyce, made material representations that were false as to the character of the land she was to rent to defendant; that the defendant, Carl H. Gundlach, was deceived thereby, and entered into said contract, relying upon said false and fraudulent representations, if any, then you will find for defendant a verdict for such damages as he has sustained because of said false and fraudulent representations if any. In this connection you are instructed that the measure of damages in this case is the difference between the value of the crops which the defendant could, by due diligence, have grown upon the land as it existed, and the value of the crops which he could and would with the same amount of labor and expenditure have grown upon the land, if it had been as represented by the plaintiff, taking into consideration the relative costs in attempting to make and gather the crops."

This charge, we think, states the correct measure of damages, and should have been given, for which reason we sustain the fifth assignment, complaining of the court's refusal to so charge the jury.

[3] At the conclusion of the evidence appellant requested and the court refused to submit the case to the jury upon special issues, but gave a general charge. Appellant properly reserved her bill to the action of the court in this respect, and assigns the same as error. Article 1984a, vol. 2, Vernon's Sayles' Rev. Stats., among other things, provides that:

"In all jury cases the court, upon request of either party, shall submit the cause upon special issues raised by the pleadings and the evidence in the case."

This is a plain statutory requirement, and the refusal to comply therewith on the part of the court, when properly requested by either party, is reversible error. See Acts 33d Leg. Regular Session, p. 113.

For the errors indicated, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.