### DORSEY v. COGDELL. (No. 9015.)

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 25, 1919.)

1. TRIAL ⟜349(2)—SUBMISSION OF CAUSE ON SPECIAL ISSUE—STATUTES.

Vernon's Sayles' Ann. Civ. St. 1914, art. 1984a, providing for submission of cause on special issues when requested, is mandatory, and failure to so submit is excusable only in cases that cannot be determined upon submission of special issues.

2. TRIAL ⟜351(2)—SUBMISSION UPON SPECIAL ISSUES—REFUSAL.

In an action for breach of contract to purchase corn, plaintiff's request for peremptory instruction and for special issues which may not have been raised by evidence in the judgment of the court did not relieve the trial court of the duty to submit the case upon special issues, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 1984a.

3. TRIAL ⟜349(2)—SUBMISSION OF SPECIAL ISSUES—WAIVER.

Rev. St. art. 1985, providing that upon appeal or writ of error an issue not submitted or requested shall be deemed as found by the court in such manner as to support the judgment, did not relieve the court from the duty to comply

with Rev. St. art. 1970, providing that in all civil cases the judge shall, unless expressly waived by the parties, deliver written charges, or submit special issues, where the latter were requested in due time.

Appeal from Hood County Court; W. L. Dean, Judge.

Action by H. B. Dorsey against B. H. Cogdell. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

W. J. Arrington, of Paducah, and Bryan, Stone & Wade, of Ft. Worth, for appellant. Estes & Estes, of Granbury, for appellee.

BUCK, J. This suit originated in the justice court, and was an action for damages for an alleged breach of contract on the part of the defendant, Cogdell, to purchase 4,000 bushels of corn at 83½ cents per bushel, to be delivered during the month of December, 1913. Judgment was rendered for defendant in the justice court, and also in the county court, and plaintiff has appealed.

Various assignments of error are presented in appellant's brief, but we do not find it necessary to consider any question save that raised in the second assignment, to wit:

"The court erred in refusing to submit the case to the jury on special issues upon a request in writing made by the plaintiff that the case be so submitted."

Bill of exception reserving this point, omitting formal parts, is as follows:

"Comes now the plaintiff in the above numbered and entitled cause. Before the reading of the charge to the jury and before the argument of counsel, the court asked plaintiff's attorney to prepare a charge which he thought should be submitted. Said attorney stated that he thought said issue should be submitted on special issues, to which the court replied that he thought probably so. In the event plaintiff's special charges Nos. 1 and 2 are refused by the court, and now makes written request of the court that the case be submitted to the jury on special issues."

The qualification by the court of this bill states that:

"This day the above request was presented to me in open court under the circumstances stated in said request, and by me refused, to which action of the court the plaintiff then and there excepted."

[1] The two special charges, mentioned in the bill as having been tendered by plaintiff before the request for submission on special issues was made, were peremptory instructions for plaintiff. The court refused to submit the case on special issues, and also refused a number of special issues requested by plaintiff, and submitted the cause under a general charge. We are of the opinion that

---

the court erred in such action, and that his refusal to submit the case on special issues, when requested, constituted reversible error, unless it can be held that the cause is one which cannot be determined on the submission of special issues. Article 1984a, Vernon's Sayles' Texas Civil Statutes, provides:

"In all jury cases the court, upon request of either party, shall submit the cause upon special issues raised by the pleadings and the evidence in the case. Such special issues shall be submitted distinctly and separately, and without being intermingled with each other, so that each issue may be answered by the jury separately. In submitting special issues the court shall submit such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues, and the court may submit said cause upon special issues without request of either party, provided that if the nature of the suit is such that it cannot be determined on the submission of special issues, the court may refuse the request to do so, but the action of the court in refusing may be reviewed on proper exception in the appellate court, and this article shall be construed in connection with article 1985 of chapter 14, title 37, Revised Statutes."

We are of the opinion that the pleadings and the evidence are such that the cause might be determined on the submission of special issues. This article is held to be mandatory on the trial court, and the only justification of his failure to submit the case on special issues, when requested, is that the nature of the suit is such that it cannot be determined on the submission of such special issues. Guffey Petroleum Co. v. Dinwiddie, 168 S. W. 439; Gordon Jones Const. Co. v. Lopez, 172 S. W. 987; Shaw v. Garrison, 174 S. W. 942; Klyce v. Gundlach, 193 S. W. 1092.

[2, 3] We are of the opinion that the action of the court in the respect complained of constitutes reversible error, and that, even though the plaintiff, before he requested the submission of special issues, had tendered a request for peremptory instruction, and even though the special issues requested by plaintiff may not have been, in the judgment of the trial court, raised by the evidence, the trial court would not have been relieved of the duty devolving upon him to submit to the jury the issues of fact involved in this case. It is a statutory rule of practice that:

"Upon appeal or writ of error, an issue not submitted and not requested by a party to the cause, shall be deemed as found by the court in such manner as to support the judgment; provided, there be evidence to sustain such a finding." Article 1985, Revised Statutes.

But we think this statute does not relieve the court of the duty to comply with article 1970, Revised Statutes, nor of the duty to submit special issues when requested in due time. This article provides that in all civil cases the judge shall, unless the same be expressly waived by the parties to the suit, prepare and deliver a written charge to the jury on the law of the case, or submit issues of fact to the jury.

For the reasons given the judgment of the trial court is hereby reversed, and the cause remanded.

Reversed and remanded.