JACKSON v. MARTIN. (No. 1058.)

(Court of Civil Appeals of Texas. El Paso. Jan. 29, 1920. On Rehearing, March 11, 1920.)

1. TRIAL ⟨&⟩349(1) — STATUTE MANDATORY THAT CASE BE SUBMITTED ON SPECIAL ISSUE.

In a jury trial it was reversible error to refuse to submit the case on special issues, on request therefor before the general charge had been submitted, and after objections thereto had been overruled, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 1984a; such statute being mandatory.

2. TRIAL ⟨&⟩143—AFFIRMATIVE DEFENSES TO BE SUBMITTED TO JURY ON CONFLICTING EVIDENCE.

Affirmative matters of defense should be submitted to the jury, where the evidence is conflicting.

Appeal from Ellis County Court; F. L. Wilson, Judge.

Action by W. A. Martin against J. H. Jackson. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Mark Smith and Y. D. Kemble, both of Waxahachie, for appellant.

J. T. Spencer and Tom J. Ball, both of Waxahachie, for appellee.

HARPER, C. J. This is an appeal from a judgment for $435 in favor of W. A. Martin and against J. H. Jackson. For cause of action plaintiff alleged that about January

1, 1918, defendant listed with him for sale his farm of 87 acres at an agreed price of $80 an acre, and agreed to pay as commission all the excess over $80 which plaintiff could sell the land for; that he found a purchaser ready, willing, and able to buy at $85, and that defendant refused to sell. Defendant answered by general demurrer and general denial.

[1] At the close of the testimony the court prepared and submitted to the parties a general charge. After the appellant had filed his objections to it, which were overruled, and requested certain special charges which were refused, he requested that the case be submitted upon special issues under article 1984a, Vernon's Sayles' Statutes, and that request was refused by the court. The provisions of the statute make it mandatory upon the court to do so, and it was reversible error to refuse to comply with it. Klyce v. Gundlach, 193 S. W. 1092.

[2] It is further urged that it was error for the court to refuse to submit appellant's affirmative defense that time was of the essence of the contract, in that plaintiff only had a limited time in which to make the sale at the price fixed. In view of another trial, all affirmative matters of defense should be submitted to the jury, where, as in this case, the evidence is conflicting.

There are other matters assigned as error; but, if error, they are not likely to recur upon another trial.

For the reasons assigned, the cause is reversed and remanded.

On Rehearing.

Appellee in motion for rehearing calls our attention to the fact that we are in conflict with the holding by the Fifth district in the case of Mercer Dry Goods Co. v. Fikes, 191 S. W. 1178. The opinion cited appears to be in conflict with the case of Shaw v. Garrison, 174 S. W. 942, by the same court, and the latter, we think, is in accord with the cases from the Supreme Court (G., H. & S. A. Ry. Co. v. Cody, 92 Tex. 632, 51 S. W. 329), and we think the holding by the Supreme Court that the cause shall be submitted upon special issues, if the request is made before it is submitted upon a general charge, though the opinion was written prior to the last amendment of the statute, applies to the facts of this case. G., H. & S. A. Ry. Co. v. Jackson, 92 Tex. 638, 50 S. W. 1012, 51 S. W. 330, is an opinion by the Supreme Court of Texas to the same effect.

Motion is overruled.

---

⟨&⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes