## WATSON v. CORLEY.　(No. 2327.)

(Court of Civil Appeals of Texas.　Texarkana.
Nov. 25, 1920.)

**1. Justices of the peace ⬉146(1)—Judgment appealable although not disposing of counterclaim.**

A judgment of the justice court in favor of plaintiff may be final and appealable, although it does not dispose of defendant's counterclaim or cross-action for damages.

**2. Justices of the peace ⬉159(2)—Bond not required of plaintiff appealing from judgment in his favor.**

Where judgment in the justice court was in plaintiff's favor except for costs, plaintiff could appeal without filing a bond.

**3. Justices of the peace ⬉174(8)—Additional claim set up on appeal held not new cause of action.**

Where plaintiff appealed from a justice court judgment in his favor recovered on a contract renting land, an additional claim on appeal for the value of seed cane as rent under the contract did not constitute an amendment setting up a new cause of action or authorize striking the appeal.

**4. Landlord and tenant ⬉270(3) — Affidavit for distress warrant must show rent due or tenant about to quit premises.**

An affidavit for warrant in distress proceedings must show, either that the rent claimed was due, or that the tenant was about to remove or to remove his property from the premises.

**5. Trial ⬉349(1)—Duty to submit on special issues where cause determinable thereby.**

In landlord's action against tenant, the overruling of defendant's request to submit the cause on special issues raised by pleadings and evidence, was error, since the case was determinable on special issues, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 1984a.

Appeal from Hopkins County Court; T. J. Tucker, Judge.

Suit by James Corley against J. M. Watson, begun in the justice court. Judgment for plaintiff for part of the claim, and plaintiff appealed to the county court, where there was a judgment for plaintiff for a larger sum, and defendant appeals. Reversed and remanded.

Appellee's suit against appellant was commenced in a justice court. It was to recover $96.25 which he claimed appellant owed him as rent for certain land. At the time he commenced the suit, appellee procured the issuance of a distress warrant, which was levied on property belonging to appellant. The trial in the justice court resulted in a judgment for appellee for certain corn grown on the rented premises, worth about $40. Appellee was not satisfied with the judgment

and prosecuted an appeal to the county court, where he sought a recovery of the $96.25, and where for the first time he also sought a recovery of $5.10 as the value, he claimed, of certain seed cane he averred he was entitled to as rent.

In his answer in the county court appellant denied that he owed appellee anything, and by way of a cross-action sought, as he did in the justice court, to recover $6 which he alleged appellee owed him for work and $100 as damages he alleged he suffered as a result of the levy of the distress warrant on his property. The trial in the county court resulted in a judgment in appellee's favor for $86.35 and foreclosing the lien he claimed on the property levied on by virtue of the distress warrant.

Crane & Crane, of Sulphur Springs, for appellant.

Ramey & Sellers, of Sulphur Springs, for appellee.

WILLSON, C. J. (after stating the facts as above). [1-3] The trial court did not err when he overruled appellant's motion to dismiss the appeal from the justice court on the ground that the judgment of the latter court was not a final one because it did not in terms dispose of appellant's cross-action against appellee. It has been held in conformity to appellant's contention that the judgment of a justice court which does not dispose of defendant's counterclaim for damages is not a final one (Carothers v. Holloman, 33 Tex. Civ. App. 131, 75 S. W. 1084; Harper v. Dawson, 167 S. W. 311), but the Supreme Court determined to the contrary in Trammell v. Rosen, 106 Tex. 132, 157 S. W. 1161. And see Parker v. Emerson, 176 S. W. 146; Bank v. Herrell, 190 S. W. 797; Pitt v. Gilbert, 190 S. W. 1157; Supply Co. v. Mining Co., 203 S. W. 68. Nor did the trial court err when he overruled appellant's other motion to dismiss the appeal, on the ground that appellee did not file an appeal bond in the county court within a time specified. The judgment of the justice court was in appellee's favor except for costs, and he had a right to appeal without filing a bond. Ry. Co. v. Stock Farm, 91 Tex. 628, 45 S. W. 375; Willett v. Herrin, 161 S. W. 26. And we do not think he erred when he overruled appellant's motion to strike out appellee's amendment to his account filed after the appeal was perfected to the county court, by which for the first time he sought a recovery against appellant of $5.70 on account of seed ribbon cane. The suit was on the contract covering the renting of the land, and the $5.70 was the value of seed cane appellee claimed to be entitled to as rent under that contract. Therefore we think the amendment did not set up a new cause of action, but was within the rule applied in Von Boeckmann v. Loepp, 73 S. W. 849; City of Van

Alstyne v. Morrison, 33 Tex. Civ. App. 670, 77 S. W. 655, and like cases.

But we think the trial court did err:

[4] 1. When he. overruled appellant's motion to quash the. distress proceedings; for it did not appear from the affidavit for the warrant, and it must to have entitled appellee to the writ, either that the rent claimed was due or that appellant was about to remove or to remove his property from the rented premises. ' Vernon's Statutes, art. 5499; Jackson v. Corley, 30 Tex. Civ. App. 417, 70 S. W. 570.

[5] 2. When he overruled appellant's. request that he "submit the cause upon special issues raised by the pleadings and the evidence in the case." A trial court has a right to refuse such a request only when "the nature of the suit is such that it cannot be determined on the submission of special issues." Vernon's Statutes, art. 1984a. It is plain enough, we think, that this suit is not of that nature. Shaw v. Garrison, 174 S. W. 942; Klyce v. Gundlach, 193 S. W. 1092; Petroleum Co. v. Dinwiddie, 168 S. W. 439; Construction Co. v. Lopez, 172 S. W. 987; Dorsey v. Cogdell, 210 S. W. 303; Jackson v. Martin, 218 S. W. 4.

Other questions. presented by the assignments are so unlikely to arise on another trial, in view of the rulings made, that we think it is not worth while to determine them.

The judgment is reversed, and the cause is remanded for a new trial.

⊫For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes