## COMMONWEALTH FINANCE CORPORATION v. AMUNDSON. (No. 513.)

Court of Civil Appeals of Texas. Waco.
April 14, 1927.

1. Contracts ⊙⟹261(2)—Contract cannot be canceled for failure of party to perform obligation agreed to be performed in future.

A contract cannot be set aside and canceled by reason of the failure of one party to perform an obligation agreed to be performed in the future.

2. Appeal and error ⊙⟹1033(2)—Corporation sued for subscription money could not complain of allegations of damages where error, if any, favored corporation.

A corporation sued by a subscriber for an amount paid by him on the purchase price of stock could not complain of want of appropriate allegations for determining damages, where, if the measure of damages contended for by the corporation were correct, the damages under appropriate allegations and proof would exceed the amount claimed.

3. Trial ⊙⟹349(1)—Refusing to submit subscriber's suit against corporation to jury on special issues held error (Rev. St. 1925, art. 2189).

Refusal of corporation's due request for submission on special issues to the jury of a suit by subscriber for money paid on stock, where there was no contention that the case could not be so determined, was error under Rev. St. 1925, art. 2189, providing that court shall submit proper case on special issues on request of either party.

Appeal from Bosque County Court; B. F. Word, Judge.

Action by Ole Amundson against the Commonwealth Finance Corporation. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

W. E. McLaughlin and Bryan & Maxwell, all of Waco, for appellant.

J. P. Word, of Meridian, for appellee.

STANFORD, J. Suit by appellee against appellant to recover $350, a cash payment made by appellee to appellant on the purchase price of stock in appellant corporation sold by appellant to him. The case was submitted to a jury on a general charge, and verdict returned for appellee and judgment entered accordingly. The material parts of the pleadings, evidence, charge of the court, etc., will be set out in our disposition of appellant's assignments.

[1] Under several assignments and propositions, appellant challenges the sufficiency of appellee's pleadings in several particulars. Appellee alleged, in substance, that appellant, through its agent, as an inducement to appellee to buy said stock, falsely, deceitfully, and fraudulently represented to him that appellant company would pay to him 35 per cent. semiannually on the amount invested, and appellee was thereby induced to buy 50 shares at a total consideration of $750, of which appellee paid appellant $350 cash. As a further ground for recovery, appellee alleged that at the time of said purchase he was confined to his bed and was weak, both in body and mind, and wholly incapacitated to make said deal, etc. Appellee further alleged that said stock was wholly worthless and in his pleadings tendered same to appellant, and that by reason of the conduct of appellant's agent and employee as aforesaid, he was overreached and defrauded out of $345, and prayed judgment for same. Appellant interposed a general demurrer to appellee's petition. Appellant contends appellee's pleading was insufficient because the representation pleaded, the breach of which was relied upon, was a promise to be performed in the

future. The general rule is that a contract cannot be set aside or canceled by reason of the failure of one party to perform an obligation agreed to be performed in the future. Chicago, T. & M. C. R. Co. v. Titterington, 84 Tex. 218, 19 S. W. 472, 31 Am. St. Rep. 39, and cases cited, And if this suit was to cancel said contract as well as to recover the amount paid, then appellee should allege false statements of existing facts. The suit probably should be to cancel and annul the contract and recover the cash payment made. See T. J. Russell v. Industrial Transportation Co., 113 Tex. 441, 251 S. W. 1034, 258 S. W. 462. However, the rule of law here invoked by appellant has no application if this was not a suit to cancel or set aside a contract, but was to recover damages only by reason of false and fraudulent representations of appellant's agent, inducing appellee to pay $350 cash on the purchase price of said stock in appellant company. As the case will have to be reversed on another ground, and we are in doubt whether this was a suit for cancellation and damages or only damages, we do not find it necessary to decide the question here presented.

[2] Appellant contends further, if this was a suit to recover damages, it was necessary for appellee to allege the value of the stock, and that the measure of his damages would be the difference between the value of the stock, if it had been as represented, and its actual value. Appellee did allege the value of said stock to be nothing—that it was worthless. If the measure of damages as contended by appellant is correct, which we do not decide, it has no grounds for complaint, for if this stock would pay 35 per cent. semiannual dividends or 70 per cent. annual dividends, as represented by appellant, according to the pleadings, it was very valuable, and appellee would undoubtedly be entitled to recover far more than the actual cash paid by him, so if appellee sought to recover only the amount of cash he paid on said stock, less the $5 refunded to him, the error, if any, was in favor of appellant and afforded appellant no grounds for complaint. We think the proper measure of damages in cases of this kind, where a rescission is sought, is the money paid, with six per cent. interest from the date of its payment. Roark et al. v. Prideaux (Tex. Civ. App.) 284 S. W. 624.

[3] Under its sixth proposition appellant contends the court erred in overruling its motion to submit said cause to the jury on special issues. We sustain this assignment. Article 2189, Revised Statutes 1925, provides, in effect, that upon request of either party, the court shall submit the cause upon special issues raised by the pleadings and evidence in the case. If the nature of the suit is such that it cannot be determined on the submis-

sion of special issues, the court may refuse the request to do so, but the action of the court in refusing may be reviewed on proper exception in the appellate court, etc. Appellant duly requested the submission of this case on special issues, and such request was refused. There was no contention by appellee that the nature of the case was such that it could not be determined on special issues. The statute above is mandatory, and the refusal of the court to comply, when requested by either party to submit a case on special issues, is reversible error, unless it be shown that the nature of the case was such that it could not be determined on special issues. Article 2189, Revised Civil Statutes 1925; Guffey Petroleum Co. v. Dinwiddie (Tex. Civ. App.) 168 S. W. 439; Gordon Jones Const. Co. v. Lopez (Tex. Civ. App.) 172 S. W. 987; Shaw v. Garrison (Tex. Civ. App.) 174, S. W. 942; Klyce v. Gundlach (Tex. Civ. App.) 193 S. W. 1092; Jackson v. Martin (Tex. Civ. App.) 218 S. W. 4; Panhandle & S. F. R. Co. v. Cowan (Tex. Civ. App.) 225 S. W. 185; Dorsey v. Cogdell (Tex. Civ. App.) 210 S. W. 303.

For the error above pointed out, the judgment of the trial court is reversed and cause remanded.