SOUTHWESTERN GAS & ELECTRIC CO. v. COBB. (No. 1888.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 19, 1918. Rehearing Denied Jan. 31, 1918.)

1. RELEASE ☞24(1)—DURESS—LACK OF CONSIDERATION—AVOIDANCE.

If a contract between a gas company and a customer avoiding the liability of the gas company for injuries from an explosion was obtained by duress, and was without consideration to her, she was legally entitled, in her action for the injuries, to allege and prove such facts in avoidance.

2. GAS ☞20(2)—EXPLOSION—NEGLIGENCE.

In an action against a gas company for injuries from an explosion of gas after removal of the meter, evidence *held* to authorize the jury to find that the breaking of the pipe in the premises resulted from the company's negligence.

3. APPEAL AND ERROR ☞248—REVIEW—ASSIGNMENTS—LACK OF EXCEPTIONS.

Assignments of error, no exceptions having been reserved, may not be reviewed.

Appeal from Bowie County Court; J. B. Lytal, Judge.

Suit by Mrs. Effie Cobb against the Southwestern Gas & Electric Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Appellee had apartments in the second story of a building, and used natural gas for fuel in the cook stove. The appellant company furnished the natural gas. Appellee desired to give up the apartments, and requested the company to take out the gas meter and cease furnishing gas. Two employés of appellant came and removed the meter. About three or four hours after removal of the meter a gas explosion occurred in the building, damaging the building and injuring appellee. She sues for damages for the personal injuries sustained, alleging negligence on the part of the employés of appellant: (1) In the manner in which they removed the meter; and (2) in breaking the pipe to which the meter was attached while attempting to plug or close the end of the pipe, and in failing to repair it after knowing that it was broken. The defendant answered by demurrer, general denial, and specially pleading a written contract between plaintiff and defendant in avoidance of liability, and further pleaded that the explosion was due to the defective and worn-out condition of the pipe inside the building and under the exclusive control of the occupants and owner of the building. The plaintiff by supplemental petition pleaded that the special contract set up by defendant was signed by her under duress and constraint, and was without any consideration moving to plaintiff. The defendant filed a general demurrer to the supplemental petition.

There is evidence warranting the findings of the jury in response to special issues: (1) That the employés of defendant in removing the gas meter from the plaintiff's apartments broke the gas pipe to which the gas meter was attached, and the breaking of the same was caused by negligence; (2) that the escape of the gas into the building, and the consequent explosion which occurred therein, was a proximate result of the breaking of the pipe; and (3) that the employés by exercise of reasonable care could have known that the pipe was broken before they left the building, and negligently failed to repair such pipe, and to prevent the escape of gas from such broken pipe and to notify any person in the building of the broken condition of same.

Chas. S. Todd and C. A. Wheeler, both of Texarkana, for appellant. Mahaffey, Keeney & Dalby, of Texarkana, for appellee.

LEVY, J. (after stating the facts as above). [1] It is not apparent from the record whether or not the court sustained the appellant's demurrer to the plaintiff's supplemental petition. But assuming that the court did overrule the demurrer, there was no error, it is concluded, in so doing. For if the contract set up in the appellant's answer was, as alleged in the supplemental petition, obtained in point of fact by duress and was without consideration to plaintiff, she would be legally entitled to allege and prove such facts in avoidance. The first assigned error is overruled.

[2] The peremptory instruction requested by appellant was, it is believed, properly re-

fused by the court. The pipe which supplied appellee's apartment with gas entered the basement of the building from the street and connected by an elbow to a pipe going upward through an air shaft in the wall to the second story, and then through a hole into the room, and there connecting to a meter. The testimony for appellee goes to show that the employés of appellant in removing the gas meter broke the pipe which led upward from the basement, and thereby allowed gas to escape into the building, which, from some cause, became ignited and caused the explosion. The fact of explosion and the extent of it, and that the gas escaped from a broken pipe, was undisputed. The pipe was broken three or four inches above the elbow, and it was shown that the break was a complete and fresh one. The pipe was old and very much rusted, but without a considerable strain on it, as testified, it would not have broken. The employé in taking the meter out unscrewed the nut in the union of the pipe, and then with a monkey-wrench screwed the nut on the pipe. It was shown that a person could tell and would know when a pipe breaks while screwing a nut or shut-off on it. And there is evidence tending to show that the pipe was broken by the employés who took the meter out, and that they must at the time have known that they broke it; and such evidence was sufficient to authorize the jury to find that the breaking of the pipe resulted from negligence. And if the contract offered in evidence by appellant should be regarded as offered against the plaintiff, then there is nothing, it is concluded, in the terms of the contract that would relieve the appellant from the consequences of the special negligence averred as resulting in her injury. The evidence for plaintiff, it is held, makes a jury question.

It is believed that the evidence warrants the findings of fact by the jury, and the sixth assignment of error is overruled.

[3] The other assignments of error may not be reviewed, it is concluded, because no exceptions were reserved. Railway Co. v. Cody, 92 Tex. 632, 51 S. W. 329. The Acts of the Thirty-Fifth Legislature, p. 389 (Vernon's Ann. Civ. St. Supp. 1918, art. 1974), had not taken effect at the time of the trial.

Judgment affirmed.